STATE OF HAWAII, Plaintiff-Appellee, *v.* RICHARD C. GILLIS, Defendant-Appellant

NO. 7668

APRIL 9, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM, NAKAMURA, JJ.

*Per Curiam.* This appeal seeks to determine whether under Rule 48 of the Hawaii Rules of Penal Procedure the trial court may invoke the "good cause" provision of Rule 48(c)(8)[1] to exclude a period of prosecutorial delay in bringing an accused to trial where the events causing such delay fit a specific exclusion of Rule 48(c)(4)[2] and the specific exclusion is available to the prosecution upon seasonable request. We hold that under the facts of this case, the trial court erred in excluding the period of delay under the "good cause" provision, and accordingly we reverse.

## I.

Defendant Richard C. Gillis was arrested on January 25, 1979 for two felony offenses[3] and one misdemeanor offense.[4] All of these

---

[1] Rule 48(c)(8):
(c) *Excluded Periods.* The following periods shall be excluded in computing the time for trial commencement:
(8) other periods of delay for good cause.

[2] Rule 48(c)(4):
(c) *Excluded Periods.* The following periods shall be excluded in computing the time for trial commencement:
(4) periods of delay resulting from a continuance granted at the request of the prosecutor if:
(i) the continuance is granted because of the unavailability of evidence material to the prosecution's case, when the prosecutor has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at a later date; or
(ii) the continuance is granted to allow the prosecutor additional time to prepare his case and additional time is justified because of the exceptional circumstances of the case;

[3] Theft in the first degree, Hawaii Revised Statutes (HRS) §§ 708-830 and 708-831, and unauthorized control of propelled vehicle, HRS § 708-836 (1976).

[4] Place to keep firearms, HRS § 134-6 (1976).

offenses arose out of the same criminal episode. HRS § 701-109(2) (1976). On January 26, 1979, a complaint for the two felony offenses was filed in the district court, but no complaint for the misdemeanor offense was filed at that time. Following a preliminary hearing on February 1, 1979, the two felony cases were committed to the circuit court. It wasn't until September 7, 1979 that the State filed its complaint for the misdemeanor. At that date the State had decided to abandon its attempt to prosecute the defendant for the two felony charges as the State had not been able to locate its chief prosecution witness; the government's attempt to locate the witness consisted of an unserved subpoena, and the effort of its two investigators who attempted to locate the witness from May 4, 1979 to July 20, 1979. As a consequence, the State decided to prosecute defendant for the misdemeanor offense only and also decided to proceed with such prosecution without the use of the complaining witness. Before trial on October 5, 1979, defendant filed a motion to dismiss under Rule 48(b),[5] alleging he was not brought to trial within six months after his arrest. The motion was denied. The State thereafter succeeded in obtaining a conviction, and defendant appealed his judgment of conviction. He claims that the trial judge erred in denying his motion to dismiss.

## II.

In his motion to dismiss, defendant had argued that if the State had been experiencing difficulty in locating its chief witness, it could have secured a continuance from the court under Rule 48(c)(4).[6] The trial court rejected defendant's argument, ruling that since the complaint on the misdemeanor charge was not filed by the government until September 7, 1979, there was no court case against defendant before that date; hence, a continuance could not have been given under Rule 48(c)(4) when there was no pending case before the court. Instead, the trial court found "good cause" under

---

[5] Rule 48(b):

    (b) *By Court.* Except in the case of traffic offenses, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months from:

        (1) the date of arrest. . . .

[6] *See* note 2 *supra.*

Rule 48(c)(8) and excluded the period from April 4, 1979 up to and including July 20, 1979, a total of 108 days, the period purportedly used by the State in its attempt to secure the attendance of its chief complaining witness. The result of the court's calculation placed the trial within the six months' limitation.

### III.

A general "good cause" ground is provided in Rule 48(c)(8) to take care of unanticipated circumstances and is recognized expressly as a residual discretionary power in the trial judge. *State v. Estencion*, 63 Haw. 264, 625 P.2d 1040 (1981).

The events which justify a tolling of the period are set forth specifically, but a general "good cause" ground is provided to take care of unanticipated circumstances. *See* Commentary to Rule 48. Where the events causing a delay in bringing an accused to trial fit a specific exclusion under Rule 48(c)(4) and the specific exclusion is available to the State upon seasonable request, the use of the "good cause" exclusion of Rule 48(c)(8) to excuse the State for the delay is prohibited.

In the case at hand, with due diligence, the State could have filed a complaint at an earlier date for the misdemeanor charge against the defendant, after which it could have immediately moved to continue the trial for the reason that it was experiencing difficulty in locating its principal witness. At that point the trial court could have made the appropriate decision to see to it that there was reasonable compliance with Rule 48 by the State; any period of delay caused by such continuance would then be excludable under Rule 48(c)(4). The residual discretionary power of the court under Rule 48(c)(8) is not to be used to excuse a lack of diligence on the part of the government to comply with Rule 48. We hardly think that the usual problem of securing the attendance of witnesses in the prosecution of criminal cases can qualify as "unanticipated circumstances"; on the contrary, it is one of the anticipated circumstances in the preparation of a prosecution. We think that the public interest can best be protected by prosecuting those accused of crime without the procrastination of which the processes of law are sometimes guilty.

We hold that it was error for the trial judge to exclude the period of delay in bringing defendant to trial under Rule 48(c)(8).

We reverse defendant's conviction and dismiss the charge with prejudice. We hold that under the guidelines of *Estencion, supra,* a dismissal with prejudice is warranted.

*Lloyd Van De Car,* Deputy Public Defender, on the briefs for defendant-appellant.

*Kenneth K. Fukunaga,* Deputy Prosecuting Attorney, on the brief for plaintiff-appellee.