STATE OF HAWAII, Plaintiff-Appellee, *v.* EDWARD ROY
VALLETTA, Defendant-Appellant

NO. 8527

(CRIMINAL NO. 6184)

APRIL 19, 1983

LUM, ACTING C.J., NAKAMURA, PADGETT, HAYASHI, JJ., AND
CIRCUIT JUDGE MOON, ASSIGNED BY REASON OF VACANCY

*Per Curiam.* This is an appeal from a conviction of the
offense of promoting a detrimental drug in the first degree
under HRS § 712-1247(1)(e). The judgment was filed
December 1, 1981.

A previous indictment on the same· charge had been
returned on September 6, 1979 and docketed as Criminal No.
5665 in the Second Circuit.

The charge against appellant was one of several similar
cases on Maui growing out of the seizure of marijuana after it
had allegedly been located by helicopter surveillance of private
property. Appellant along with other defendants initially filed
motions to dismiss and to suppress the evidence and then made
an informal demand for discovery of particulars of the helicop-
ter survey from the prosecution in order to adduce facts to
support the motion to suppress.

According to the testimony taken on November 26, 1980, in
a hearing on a motion to dismiss in the parallel cases, the
prosecution had repeatedly promised to produce the requested
material but did not do so until late 1980. The defense claimed
to have been prejudiced by the delay in the loss of witnesses

who could support its motions to suppress in the various cases. On this basis, appellant, on November 12, 1980, filed a motion to dismiss claiming unreasonable delay in the prosecution of the case. Appellant cited Rule 48 of the Hawaii Rules of Penal Procedure (HRPP). A second motion on the same grounds was filed on December 4, 1980. On December 9, 1980, No. 5665 along with Criminal Nos. 5660 and 5667 were dismissed pursuant to an order which stated as follows:

### ORDER GRANTING MOTIONS TO DISMISS

Motions to dismiss having been filed on December 4, 1980 by the above-named Defendants on the ground that there has been an unreasonable delay in the prosecution of said cases, and a hearing thereon having come on for hearing on December 8, 1980 and there being no objection from the prosecution and

IT IS ORDERED that said motions to dismiss be granted.

DATED: Dec 9 1980.

/s/ Kase Higa (Seal)

KASE HIGA, Judge of the
Above-Entitled Court

APPROVED AS TO FORM
AND CONTENT:
/s/ Gerard Lee Loy

Gerard Lee Loy
Deputy Prosecutor

Despite the statement in the order that a hearing was held on December 8, 1980, there is no transcript before us of any such hearing, and the minutes in the file do not reflect that any hearing was in fact held.

The prosecution subsequently moved to reconsider the order. Although, on the record, that motion was not disposed of, the prosecution claims here that it was withdrawn.

The present case began with appellant's reindictment on the same charges on January 16, 1981. On April 15, appellant moved to dismiss based on *res judicata* and collateral estoppel because of the order of dismissal in Criminal No. 5665. The court denied the appellant's motion, stating in the course of the hearing "the dismissal was without prejudice."

Subsequently trial was held and appellant was convicted and sentenced.

This appeal followed.

Rule 48(b), HRPP, provides:

(b) *By Court.* Except in the case of traffic offenses, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months from:

(1) the date of arrest or of filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made; or

(2) from the date of re-arrest or re-filing of the charge, in cases where an initial charge was dismissed upon motion of the defendant; or

(3) from the date of mistrial, order granting a new trial or remand, in cases where such events require a new trial.

Clauses (b)(1) and (b)(2) shall not be applicable to any offense for which the arrest was made or the charge was filed prior to the effective date of the rule.

The first problem in this case, which must be dealt with before we reach the issues as argued in the briefs, is that the order below did not specify whether it was with or without prejudice. We are aware that a number of federal cases have held, in varying circumstances, that an order which does not specify that it is with prejudice would be construed to mean that it is without prejudice. *See* 3A Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 814, p. 230 n.51 (1982).

However, in our case, the form of order in Criminal No. 5665 reflects that the appellant asserted that the State had been guilty of "unreasonable delay" in the prosecution of the case. The State did not oppose the same, but, on the contrary, approved the order as to content and form.

Since unreasonable delay on the part of the State in the prosecution of a criminal case is presumptively prejudicial, we hold that a dismissal on the ground of unreasonable delay, unless it specifically recites that it is without prejudice, or specifically finds that there has been no prejudice to the accused's defense by the delay, is with prejudice. *Compare*

*State* v. *Fischer,* 285 A.2d 417 (Del.Supr. 1971).

Accordingly, appellant's motion to dismiss the present case should have been granted and the indictment dismissed. The judgment below is reversed.

*Philip H. Lowenthal* (*Lowenthal & August* of counsel) on the briefs for appellant.

*Artemio C. Baxa,* Deputy Prosecuting Attorney, on the brief for appellee.