STATE OF HAWAII, Plaintiff-Appellee, *v.* GILBERT K.K. ENOS, Defendant-Appellant

NO. 11018

(CRIMINAL NO. 85-0425)

JUNE 20, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

Appellant was convicted of driving under the influence in violation of HRS § 291-4 and of promoting a dangerous drug in the third degree in violation of HRS § 712-1243.

He appeals the drug conviction, contending that the court below erred in not suppressing as evidence four heat-sealed, clear plastic cellophane bags, containing a white powdery substance, found in, and removed from appellant's pants pockets, during a search following his arrest on the drunken driving charge, as well as statements thereafter made by him. The parties have stipulated that appellant's later statements were the fruit of the poisonous tree and stand or fall on the validity of the search and seizure of the four packets.

On the authority of *State v. Kaluna,* 55 Haw. 361, 520 P.2d 51 (1974), we reverse because, as that case held, the search and the seizure of the cellophane packets violated Article I, section 7 of the Constitution of the State of Hawaii.

The court below entered findings of fact and conclusions of law which set out the salient facts. Appellant was traveling in excess of the posted speed limit. Because of that, he was pulled over by Officer Yomes who, on approaching the car, observed appellant to have watery, blood-shot eyes, slurred speech and a strong odor of alcoholic beverage. He was asked to exit the car and perform the standard field sobriety tests, which he failed. The officer thereupon placed him under arrest. As the court below found:

6. . . . Officer Yomes then conducted a pat-down search of the Defendant for weapons and contraband without any prior knowledge or suspicion of weapons or contraband on Defendant's person prior to placing him in the police vehicle.

7. During the pat-down search, Officer Yomes felt what appeared to be cellophane packets in the Defendant's left front pants pocket. Based on his prior experience in narcotics investigations, Officer Yomes suspected that the packets contained contraband. On that basis, he removed the packets from the Defendant and seized them as evidence.

There is no dispute as to these findings. The court below held that the search in question was one incident to a lawful arrest, a recognized exception to the usual requirement that the officer have a warrant prior to conducting the search.

 

The Supreme Court of the United States over a dozen years ago decided that the exact type of search and seizure here involved, would be permissible, under the Fourth Amendment to the Constitution of the United States, as a search incident to a lawful arrest. *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Gustafson v. Florida,* 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973).

In *Kaluna, supra,* this court recognized the authority of those decisions as regards to the federal constitution, but expressly rejected them as a guide in interpreting the parallel state constitutional provision.

This court stated:

[O]nce probable cause is found for an arrest, a search incidental thereto

is further limited in scope to a situation where it is *reasonably necessary to discover the fruits or instrumentalities of the crime for which the defendant is arrested,* or to protect the officer from attack, or to prevent the offender from escaping.

*State v. Kaluna,* 55 Haw. at 370-71, 520 P.2d at 59 (*quoting State v Hanawahine,* 50 Haw. 461, 464, 443 P.2d 149, 151-52 (1968)) (emphasis in original).

We have repeatedly upheld the right of an officer making an arrest to take reasonable and appropriate steps to protect himself from possible weapons to which the arrestee may have access. *State v. Barrett,* 67 Haw. 650, 701 P.2d 1277 (1985); *State v. Ortiz,* 67 Haw. 181, 683 P.2d 822 (1984); *State v. Kaluna, supra.* We think it clear that on an arrest for drunken driving, it is per se reasonable for an officer to conduct a pat-down for weapons.

Here, the officer found no weapons. On this record, there was nothing to indicate that there were, concealed on the person of appellant, any fruits or instrumentalities of the crime of drunken driving. Given the finding by the court, which was in accord with the testimony, that the officer was without any prior knowledge or suspicion of the existence of contraband, the warrantless search and seizure, beyond the pat-down for weapons, violated appellant's rights under the Constitution of the State of Hawaii. The order denying a suppression of the four cellophane packets was error.

We are not dealing with an inventory search, which involves a different exception to the warrant requirement. Indeed, in the particular case, the arresting officer testified that he was required, by police department regulations, to make the unconstitutional search in question

and was subject to discipline if a later inventory search turned up the evidence, and thus demonstrated that he had failed to make the search.

Police department regulations cannot set aside our construction of the constitution of this State. The Constitution of the State of Hawaii is not the analog of a looseleaf notebook. This court spoke directly on the present problem in *Kaluna, supra.* That holding was binding on the police and the court below. We reaffirm that holding and, accordingly, reverse and remand for further proceedings consistent herewith.

*Richard W. Pollack* (*Roy D. Cuizon* with him on the opening brief), Deputy Public Defenders, for appellant.

*Loretta Matsunaga* (*Arthur E. Ross* with her on the brief), Deputy Prosecuting Attorneys, for appellee.