STATE OF HAWAII, Plaintiff-Appellee, *v.* EDWARD U. HANAWAHINE, Defendant-Appellant

NO. 12421

(CRIMINAL NO. 87-0145)

MAY 10, 1988

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY HAYASHI, J.

Defendant-Appellant Edward U. Hanawahine (hereinafter "Hanawahine") appeals his convictions for first-degree theft and attempted first-degree theft under Hawaii Revised Statutes §§ 708-831(1)(b) (1985) and 705-500 (1985).[1] Arrested on De-

---

[1] The statutes read in relevant part:

§ *708-831 Theft in the first degree.* (1) A person commits the offense of theft in the first degree if he commits theft:

. . . .

cember 16, 1986, Hanawahine was not tried until July 13, 1987. The criminal motions court (Judge Milks) had ruled that 1) part of the pretrial delay was occasioned by the unforeseen, extremely heavy workload of the deputy prosecutor handling the case; and 2) good cause therefore existed under Hawaii Rules of Penal Procedure (hereinafter "HRPP") Rule 48(c)(8). Hanawahine contends that the motions court abused its discretion by refusing to dismiss the indictment because there was no good cause to justify the pretrial delay. We agree that no good cause was shown, therefore vacate the convictions, and remand the case for a hearing on whether the indictment should be dismissed with prejudice or without prejudice.

## I.

### BACKGROUND FACTS.

The pertinent events are not controverted (the parties stipulated to the procedural case history). On December 16, 1986, Hanawahine was arrested, and his preliminary hearing took place on December 22, 1986. On January 2, 1987, he was committed to circuit court for five first-degree theft counts and one attempted

---

(b) Of property or services the value of which exceeds $200 . . . .

§ 705-500 *Criminal attempt.* (1) A person is guilty of an attempt to commit a crime if he:

(a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or

(b) Intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his commission of the crime.

(2) When causing a particular result is an element of the crime, a person is guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, he intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.

(3) Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.

first-degree theft charge.[2]

The complaint, however, was not filed until February 10, 1987. At the February 17, 1987 arraignment, the criminal administrative court (Judge Chang) set trial for the week of July 6, 1987 although Plaintiff-Appellee State of Hawaii (hereinafter "State") protested that the six-month period under HRPP Rule 48(b) would expire on June 16, 1987.

Consequently on March 27, 1987, State moved to advance the trial date (to stay within the six-month period) or sought a finding of court congestion (to justify the long pretrial delay). But on April 10, 1987, the administrative court denied the motion after a brief hearing.

On May 11, 1987, though, the Public Defender's office requested to withdraw as defense counsel because of a conflicting representation. The acting criminal administrative court (Judge Heely) allowed the withdrawal and appointed private attorney Lane Takahashi (hereinafter "Takahashi") as counsel on June 5, 1987.[3]

Meanwhile on May 27, 1987, the Public Defender's office moved to dismiss claiming that 1) HRPP Rule 48(b) would be violated since trial will not occur within six months; and 2) the unreasonable pretrial delay required dismissal with prejudice on constitutional speedy trial grounds where Hanawahine has been jailed

---

[2] Hanawahine had broken into parked cars to steal valuables including bank cards which were then used to make illegal cash withdrawals from automatic teller machines. Hanawahine, however, was photographed by surveillance cameras at the banks and was soon caught. The statement of the case section violates Hawaii Rules of Appellate Procedure Rule 28(b)(3) by not reciting these facts. *See* Opening Brief at 3-8.

Hanawahine was accused of theft from American Savings & Loan Association on November 23, 1986, theft from American Savings & Loan Association on November 24, 1986, theft from the Wahiawa Bank of Hawaii on November 26, 1986, theft from the Mililani Bank of Hawaii on November 26, 1986, attempted theft from American Savings & Loan Association using David T. Kawahara's stolen bank card on November 25, 1986, and theft from First Hawaiian Bank on November 27, 1986 (respectively, Counts I, II, III, IV, V, and VI). Counts III and IV were subsequently dismissed with prejudice. *See also* note 3, *infra.*

[3] The Public Defender's office also represented Hanawahine's underaged accomplice in confidential Family Court proceedings and ought to have recognized the conflict of interest sooner after being appointed for Hanawahine on February 20, 1987.

since arrest plus may have suffered memory loss. State replied that 1) Hanawahine's pretrial motions are excludable periods of delay under HRPP Rule 48(c)(1); and 2) no constitutional speedy trial violations existed where State had promptly moved to advance trial, he had not timely asserted his rights, plus no prejudice had been shown.[4]

At the motion to dismiss hearing, Deputy Prosecuting Attorney Iwalani White (hereinafter "White"), the person responsible for initially handling the case, testified that an unexpectedly heavy workload, her reassignment to Family Court, her maternity leave, plus other factors caused the delay:

> On January the 1st, 1987, I was reassigned, that is, from the criminal — career criminal unit of the prosecutor's office back to the Family Court of the prosecutor's office. And that was to be effective January the 1st. Given that was the holiday season, it was Christmas and New Year's, when I got back to Family Court — I believe that it was after January 1 — I had to physically relocate, so I moved all my files upstairs to the eleventh floor. The people who had been in there hadn't left, so my — lot of my things were still in boxes. By the time I unpacked it was about the second — the end of that first week, near — maybe about ten days.
>
> *It is a policy in our office that whoever takes cases to preliminary hearings are the ones to file the complaints.* And I was also assigned cases in Family Court to prepare. And on February 5th when I — it was brought to my attention by Lois, my calendar girl, that the complaint needed to be filed, I prepared it. And then it was filed. And before it went — I called Gwen Ha of the criminal assignments division and requested an early calendar call before Judge Chang because I anticipated there may be a problem with getting a trial date within the six-month period of time. I did so. And then I informed Sheila Burger to please ask at calendar call Judge Chang to set trial on or about June the 16th, 1987.
>
> .    .    .    .

---

[4] Query why the dismissal motion was filed so early when the six-month period was due to expire on June 16, 1987. Neither party has explained the prematureness of the motion. The constitutional claims are not raised on appeal.

I had two jury trials that were scheduled, I believe, from March through June. I had to continue those two cases because of my pregnancy and I wouldn't be back to work until mid-June. Those were two rape cases. So I worked on those also. I also had two other cases that I took with me to do some follow-up work before I was scheduled to leave the prosecutor's office in March.

. . . .

In fact, I believe I took another — two other cases to grand jury while I was still in Family Court before I left on my maternity leave.

Transcript of June 18, 1987 at 7-8 (emphasis added).

Takahashi presented no evidence. The motions court first ruled that HRPP Rule 48(c)(2) (court congestion) and HRPP Rule 48(c)(1) (pretrial motions) did not justify the delay but then held that HRPP Rule 48(c)(8) (good cause) applied:

The Court agrees with defense counsel's basic argument that there are certain obligations required of counsel, especially the prosecutor, to commence the preparation of the complaint as soon as possible. However, in any circumstance there are exceptions. And one of the exceptions will be where a person is expected to not only perform his or her responsibilities and duties but is given added responsibilities as well. *The Court finds, under the circumstances, the explanation provided by the prosecutor as to the delay period between January 1st and February 5 is reasonable under the circumstances not only because of the transfer to another division but because of her own personal situation with regard to clearing up business before the March date at which she took maternity absence.*

For purposes of computing the dates, therefore, *the Court finds excludable time periods under 48(c)(8) the period between January 1st, 1987, and February 5th, 1987.* And I have come to a computation of 35 days. With regard to that period extending beyond June 16 to the current trial setting of July 6, I find a period of 20 days.

Therefore, the Court's ruling will be as follows: The motion to dismiss charges under Rule 48 and speedy trial is denied. But the State is to proceed to trial within 15 days after the current trial setting, in other words, July 21, 1987, or the case will be

ordered dismissed for violation of Rule 48 unless there are other reasons for the State's inability to commence trial by that date.

So Mr. Takahashi, your order will read that trial is to commence by July 21 or the case will be ordered dismissed.

. . . .

It will be without prejudice based on the evidence that has been presented. There has been no prejudice shown.

Transcript June 18, 1987 at 17-19 (emphasis added).

Hanawahine was then tried on July 13 and July 14, 1987 (by Judge Lee), convicted on Counts I, II, V, and VI, plus later sentenced as a repeat offender. This appeal followed.

## II.

### *QUESTION PRESENTED.*

Whether the motions court erred by ruling that HRPP Rule 48(c)(8) applied and thus erred by not dismissing the indictment? YES.

## III.

### *APPLICABILITY OF HRPP RULE 48(c)(8).*

Hanawahine maintains that White's unexpectedly heavy workload does not constitute good cause under HRPP Rule 48(c)(8). State counters that the motions court ruled correctly.

HRPP Rule 48(b)(1) mandates the dismissal of an indictment if the trial has not begun within six months of the arrest, excluding those permissible periods of delay under HRPP Rule 48(c).[5]

---

[5] HRPP Rule 48 provides in pertinent part:

*DISMISSAL.*

. . . .

*(b) By Court.* Except in the case of traffic offenses, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months from:

(1) the date of arrest or of filing of the charge, whichever is sooner, on any

Though we have held in the past that a trial court has the discretion to decide whether good cause was established, *State v. Estencion,* 63 Haw. 264, 625 P.2d 1040 (1981) (there was no substantial reason for delay simply because State lacked facilities to test the evidence, a crucial report was received late, and a shortage of experienced prosecutors to try the case existed), the existence of good cause is actually a pure question of law where the facts are undisputed. *State v. Miller,* 4 Haw. App. 603, 671 P.2d 1037 (1983).

Here, White's increased workload, while not anticipated, was not reasonably unforeseeable. She knew about her imminent transfer to Family Court, the office policy which mandated her continued responsibility for all cases taken to preliminary hearings, the

offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made;

. . . .

(c) *Excluded Periods.* The following periods shall be excluded in computing the time for trial commencement:

(1) periods of delay resulting from collateral or other proceedings concerning the defendant, including but not limited to penal irresponsibility examinations and periods during which he is incompetent to stand trial, hearings on pretrial motions, interlocutory appeals and trials of other charges;

(2) periods of delay resulting from congestion of the trial docket when the congestion is attributable to exceptional circumstances;

(3) periods of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel;

(4) periods of delay resulting from a continuance granted at the request of the prosecutor if:

(i) the continuance is granted because of the unavailability of evidence material to the prosecution's case, when the prosecutor has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at a later date; or

(ii) the continuance is granted to allow the prosecutor additional time to prepare his case and additional time is justified because of the exceptional circumstances of the case;

(5) periods of delay resulting from the absence or unavailability of the defendant;

(6) the period between a dismissal of the charge by the prosecutor to the time of arrest or filing of a new charge, whichever is sooner, for the same offense or an offense required to be joined with that offense;

(7) a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and there is good cause for not granting a severance; and

(8) other periods of delay for good cause.

move to new quarters, the probable new Family Court case assignments, and her March 1987 maternity leave. Given these factors, White should have given Hanawahine's case to a less busy prosecutor for prompt attention. That the arraignment took place so late on February 17, 1987 because of her large workload is not good cause for the delay given that her problem is not that unusual. *See State v. Gillis,* 63 Haw. 285, 626 P.2d 190 (1981) (per curiam) (the normal difficulties in securing a principal witness did not justify the late complaint filing where a continuance could have been obtained).

Furthermore, the office policy which required White to file the complaint after taking the case to a preliminary hearing cannot justify the violation of HRPP Rule 48(b) or any other provision promulgated by this court. *See State v. Enos,* 68 Haw. ____, 720 P.2d 1012 (1986).

This is not a case where State was blameless and could not proceed to trial because of court congestion. *See State v. Herrera,* 63 Haw. 405, 629 P.2d 626 (1981). State simply set a late arraignment date and apparently failed to present any evidence to support the motion to advance the trial date or to find a jammed court docket. *See State v. Lord,* 63 Haw. 270, 625 P.2d 1038 (1981) (per curiam).[6]

This is also not an instance where Hanawahine caused the delay, and no substantial reason affords State an excuse for not bringing him to trial sooner. *See State v. Senteno,* 69 Haw. ____, 742 P.2d 369 (1987) (good cause for a long pretrial delay existed where the defendant had no counsel for five months such that no trial could occur).

Yet although the January 1, 1987 to February 5, 1987 period is not excludable, the parties (plus the motions court) have overlooked the time between May 27, 1987 and June 22, 1987 needed to decide the dismissal motion. This twenty-six day span went beyond June 16, 1987. *State v. Sujohn,* 64 Haw. 516, 644 P.2d 1326

---

[6] At the hearing for the motion to advance or for a court congestion finding, White was not present to explain the delay from the arrest to the arraignment (perhaps because of her maternity leave). *See* Transcript of March 31, 1987 at 4-5. The administrative court, however, should have rendered specific findings and conclusions explaining why it summarily refused to grant State relief. *See State v. Durry,* 4 Haw. App. 222, 665 P.2d 165 (1983). The parties, though, have not adequately discussed the denial of State's request or whether the administrative court ruled correctly.

(1982) (per curiam), *appeal after remand,* 5 Haw. App. 459, 697 P.2d 1143 (1985). Because Hanawahine's motion delayed the start of trial under HRPP Rule 48(c)(1), this time is deducted from the six months. *State v. Nihipali,* 64 Haw. 65, 637 P.2d 407 (1981).[7]

Based on the above analysis, the actual nonexcludable period is from December 16, 1986 to May 27, 1987 (five months plus twelve days) and from June 22, 1987 to July 13, 1987 (twenty-one days). This amounts to either six months plus three days or one hundred and eighty-three days. Because this exceeds six months, the indictment ought to have been dismissed in any event. *See State v. English,* 68 Haw. _____, 705 P.2d 12 (1985).

## IV.

### *CONCLUSION.*

Accordingly, we must vacate the convictions and remand the case for a determination on whether the indictment should be dismissed with prejudice or without prejudice. *See State v. Valletta,* 66 Haw. 351, 662 P.2d 204 (1983).

*Lane Y. Takahashi,* for defendant-appellant.

*G. Cher Foerster (Arthur E. Ross* and Law Clerk *Alexandria Chinn* on the brief), Deputies of the Prosecuting Attorney, for plaintiff-appellee.

---

[7] The parties have not addressed, nor had the motions court ruled on, whether HRPP Rule 48(c)(1) applies to the time needed to handle the Public Defender's motion to withdraw, Takahashi's later appointment, plus State's motion to advance trial or for a court congestion finding. *See State v. Faalafua,* 67 Haw. 335, 686 P.2d 826 (1984). We have no clear factual basis in the record to decide if any of these periods are excludable. *Cf. State v. Soto,* 63 Haw. 317, 627 P.2d 279 (1981) (per curiam).