STATE OF HAWAII, Plaintiff-Appellee, *v.* DON R. LORD, Defendant-Appellant

NO. 7192

MARCH 31, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM, NAKAMURA, JJ.

*Per Curiam.* This is another appeal involving the right to a speedy trial of an accused under Rule 48, Hawaii Rules of Penal Procedure (HRPP).

Appellant Don R. Lord appeals from his conviction by a jury of criminal property damage in the first degree (HRS § 708-820), two counts of burglary in the first degree (HRS § 708-810), harassment (HRS § 711-1106(1)(a)) (1976) and driving under the influence of intoxicating liquor (HRS § 291-4).

Trial was originally set for July 7, 1978 but was continued by the court to the week of August 14, 1978. On August 14, before trial, defendant moved to dismiss the charges pending against him under Rule 48 because he was not brought to trial within six months after his arrest on January 22, 1978. The trial judge denied the motion, ruling that the delay — the continuance from July 7 to the week of August 14 — resulted from congestion of the trial docket attributable to exceptional circumstances and excludable under Rule 48(c)(2).

In this appeal, appellant contends that the exceptional circumstances mandated by Rule 48(c)(2) were not shown. We hold that they were and affirm.

I.

Rule 48(b) provides:
[T]he court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months from:

(1) the date of arrest. . . .
and it further provides in 48(c):

(c) *Excluded Periods.* The following periods shall be excluded in computing the time for trial commencement:

.    .    .    .

(2) periods of delay resulting from congestion of the trial

docket when the congestion is attributable to exceptional circumstances;

Rule 48(c)(2) was derived from the ABA Standards Relating to Speedy Trials. *See* Commentary to HRPP, Rule 48.

The commentary appearing in the ABA Standards states:

But, while delay because of a failure to provide sufficient resources to dispose of the usual number of cases within the speedy trial time limits is not excused, the standard does recognize congestion as justifying added delay when "attributable to exceptional circumstances." Although it is fair to expect the state to provide the machinery needed to dispose of the usual business of the courts promptly, *it does not appear feasible to impose the same requirements when certain unique, nonrecurring events have produced an inordinate number of cases for court disposition.* [Emphasis added.]

In its ruling, the trial court articulated that the late setting of defendant's trial was due to the court's congestion of its trial docket caused by an unusual number of indictments being returned by the grand jury. The court noted that the grand jury had been returning between 20 to 30 indictments each month. Appellant argues that no evidence was presented by the State to show the exceptional circumstances. We disagree. The trial court may take judicial notice of a fact if it is common knowledge or easily verifiable. *Almeida v. Correa,* 51 Haw. 594, 465 P.2d 564 (1970). Even a reviewing court could take judicial notice of a fact even though the trial court did not do so. *In re Application of Pioneer Mill Co.,* 53 Haw. 496, 573, 497 P.2d 549 (1972). The number of judges in a particular district or circuit may also be judicially noticed. *Valley Bank and Trust Company v. Marrewa,* 354 Mass. 403, 237 N.E.2d 677 (1968); *American Life Ins. Co. v. Anderson,* 246 Ala. 588, 21 So.2d 791 (1945).

Other courts have held that delay is excusable where resulting from the court being engaged in the trial of other cases, *Application of Hansen,* 79 Nev. 492, 387 P.2d 659 (1963); *Ex parte Lopez,* 39 Cal.2d 118, 245 P.2d 1 (1952); and from the congested condition of the criminal docket. *United States v. Gibson,* 513 F.2d 978 (6th Cir. 1975); *Commonwealth v. Beckett,* 373 Mass. 329, 366 N.E.2d 1252 (1977); *State v. Jones,* 220 Kan. 136, 551 P.2d 801 (1976); *People v. Faulkner,* 81 Mis.2d 764, 366 N.Y.S.2d 965 (1975), *aff'd. mem.* 389 N.Y.S.2d 212 (1976); *Harris v. State,* 256 Ind. 464, 269 N.E.2d 537 (1971); *Application of Hansen, supra.*

Our rule requires this court to find that the court's congestion, which caused the delay, is attributable to exceptional circumstances. In this case, we hold that it is. The third circuit is assigned two judges to handle both criminal and civil cases. The court's calendar became congested due to an inordinate number of criminal indictments returned by the grand jury, thus compelling the court to continue defendant's trial. Under the circumstances, we hold that the court's congestion was caused by exceptional circumstances, and the court was justified to exclude the period of delay.

Affirmed.

*Joanne M. Lanham, Herbert B. K. Lau,* Deputy Public Defenders, on the briefs for defendant-appellant.

*Frederick Giannini,* Deputy Prosecuting Attorney, on the brief for plaintiff-appellee.