**STATE OF HAWAII**, Plaintiff–Appellee, v. **BRIAN WILLIAM CASPINO**, Defendant–Appellant

No. 15294

(CR. NO. 90–0506)

JUNE 5, 1992

LUM, C.J., WAKATSUKI, KLEIN, AND LEVINSON, JJ., AND CIRCUIT JUDGE SOONG, IN PLACE OF MOON, J., RECUSED

OPINION OF THE COURT BY KLEIN, J.

In a memorandum opinion dated January 15, 1992, the Intermediate Court of Appeals (ICA) affirmed defendant's conviction

of Harassment, Hawaii Revised Statutes (HRS) § 711–1106(1)(a) (1985) and Resisting Arrest, HRS § 710–1026(1)(a) (1985). We granted certiorari on February 14, 1992 to review the ICA's legal conclusion excluding the 104 day period between March 27, 1990 and July 9, 1990 from the operation of Rule 48, Hawaii Rules of Penal Procedure (HRPP). We can find no support in the record for the trial court's determination that "exceptional congestion in the circuit court" mandated the exclusion per HRPP 48(c)(2). Thus, we affirm in part, reverse in part, and remand.

Pursuant to HRPP 48(b), the court is required to dismiss charges against a defendant "if trial is not commenced within 6 months from: (1) the date of arrest . . . ." Certain periods of time shall be excluded from the computation, pursuant to HRPP 48(c)(2), when there is a "delay resulting from congestion of the trial docket when the congestion is attributable to exceptional circumstances[.]"

In the instant case, the ICA concluded that the period of time between arraignment in circuit court (March 27, 1990) and defendant's First Circuit Court trial setting (July 9, 1990) (104 days) was excludable per HRPP 48(c)(2) because the lower court stated that "the case could not have been set sooner," and that defendant's trial date was "subject to the exceptional congestion in the Circuit Court[.]"

In *State v. Lord*, 63 Haw. 270, 273, 625 P.2d 1038, 1039–40 (1981), we found that congestion due to exceptional circumstances was shown where the trial court attributed defendant's late trial setting to an unusual number of indictments being returned by the grand jury.

The record in this case reveals no analysis of conditions in the circuit court which differentiate the March 1990 to July 1990 period from any other period of time. In order for court congestion to qualify as "exceptional," as opposed to usual, there must be a showing of deviation from the norm.

Where, as in *Lord*, the ability of the courts to process criminal cases is *temporarily* affected by the initiation of an inordinate number of cases in relation to the number of available assigned trial judges, trial delay may be a foreseeable result and such period of time may be excludable per HRPP 48(c)(2). A temporary imbalance can result from a variety of causes such as an unusual shortage of available, qualified judges, the addition *pro tem* of grand jury panels, or any other factor which might disrupt the usual tension between case load and case dispositions. Here, the record is bereft of any facts to support the trial judge's conclusion that the time between Defendant's arraignment and initial circuit court trial setting should be excluded due to *exceptional* congestion. Therefore, we remand the case to the circuit court with instructions to make findings consistent with this opinion.

In all other respects, we agree with the ICA for the reasons set forth in its opinion. Thus, from the 277 day period between arrest (October 5, 1989) and defendant's First Circuit Court trial date (July 9, 1990), the 48 day period between December 8, 1989 and January 25, 1990 is not excludable while the 39 day period between January 25, 1990 and March 5, 1990 is excludable under HRPP 48(c)(1).

Unless the period between circuit court arraignment and defendant's First Circuit Court trial setting is also excluded, defendant's charges would necessarily have to be dismissed pursuant to HRPP 48.

Affirmed in part, reversed in part, and remanded.

*Dan S. Ikehara* on the brief for Defendant–Appellant.

*James H. S. Choi*, Deputy Prosecuting Attorney, on the brief, for Plaintiff–Appellee.