**STATE OF HAWAI'I**, Plaintiff–Appellee, v. **EUGENE HUTCH**, Defendant–Appellant

NO. 15143

(CR. NO. 90–0277)

**STATE OF HAWAI'I**, Plaintiff–Appellee, v. **EUGENE HUTCH**, also known as Eugene Banks, Defendant–Appellant

NOS. 15301 and 15422*

(CR. NO. 89–0395)

OCTOBER 19, 1993

MOON, C.J., KLEIN, LEVINSON, AND NAKAYAMA, JJ., AND CIRCUIT COURT JUDGE WATANABE, ASSIGNED BY REASON OF VACANCY

---

*Nos. 15301 and 15422 are the same case erroneously assigned two supreme court docket numbers. No. 15301 was subsequently consolidated with No. 15422. Pursuant to Hawai'i Rules of Appellate Procedure (HRAP) 3(b) (1984), we hereby consolidate Nos. 15143 and 15422.

308

310

312

## OPINION OF THE COURT BY LEVINSON, J.

The defendant–appellant Eugene Hutch appeals his convictions, following two unrelated jury trials, of theft in the second degree, terroristic threatening in the second degree, and assault in the third degree. On appeal, Hutch urges that: (1) his constitutional right to self–representation was violated in both trials; (2) he was denied due process of law and a fair trial in Cr. No. 90–0277 (No. 15143) because (a) the trial judge questioned the prosecution's witnesses excessively, "therby [sic] conveying to the jury his belief that [Hutch] was in fact guilty of the crime charged" and/or (b) the trial judge "exhibited his dislike [of Hutch]" by "chastening [Hutch] on the record[,] therby [sic] unduely [sic] influencing the jury"; and (3) the trial judges in both Cr. Nos. 90–0277 and 89–0395 (No. 15422) erred as a matter of law and abused their discretion in denying his motions to dismiss the charges, pursuant to Hawai'i Rules of Penal Procedure (HRPP) 48(b)(1) (1985), without a hearing.

Although we deem the first two claims to be without merit, we agree that the trial judges failed to make the necessary findings of fact to support their denials of Hutch's HRPP 48(b)(1) motions to dismiss. Accordingly, we have no choice but to vacate the orders denying the motions and to remand for further proceedings consistent with this opinion.

## I. BACKGROUND
### A. No. 15422

On March 16, 1989, Hutch was charged in Cr. No. 89–0395 with three counts of terroristic threatening in the second degree, in violation of Hawai'i Revised Statutes (HRS) § 707–717 (1985), and one count of assault in the third degree, in violation of HRS § 707–712 (1985). Due to delays, including (1) Hutch's failure to appear for various hearings, (2) the pendency of his motion for mental examination, two motions for withdrawal and substitution of counsel,[1] and three motions to continue the commencement of trial (two filed by Hutch and one by the prosecution), and (3) congestion of the circuit court's calendar resulting in the unavailability of a courtroom, trial did not begin until May 6, 1991.

Before the jury was empaneled, the trial judge granted the prosecution's motion to *nolle prosequi* two of the three counts of terroristic threatening in the second degree due to the prosecution's inability to locate the alleged victims. Hutch then advised the trial judge that he wanted to proceed without his standby counsel and requested that standby counsel be discharged. The trial judge denied the request. Thereafter, the following colloquy ensued:

> MR. HUTCH: Also, Your Honor, I would also like to ask this Court to dismiss the charge in Criminal Number 89–0395 under Rule 48[b](1),

---

[1] Prior to the filing of the motions by Hutch's court–appointed counsel, Hutch had orally elected to proceed to trial *pro se*. The circuit court granted counsels' motions to withdraw but concluded that Hutch was incapable of representing himself without assistance. Consequently, the circuit court appointed "standby counsel."

that it is mandated to dismiss if the trial has not been commenced within six months. This trial has been 27 months delayed. It is mandated by law that the Court dismiss this case if the trial has not been commenced within six months from the period of time — from date of arrest.

This has been since January 31st, '89. Over 27 months have passed. So I believe you're like 21 months behind time pursuant to Rule 48(b)(1). If the defendant ask[s] for a trial to be dismissed because it has not commenced within six months, it is mandated by this Court to dismiss the case.

THE COURT: The Court at this time am [sic] reviewing the Court calendar, has reviewed the calendar and the entire judicial proceedings pertaining to your case. The Court at this time is satisfied that the rule is not being violated. The Court at this time will deny your [m]otion to [d]ismiss.

On May 7, 1991, the jury found Hutch guilty of the remaining count of terroristic threatening in the second degree, as well as the charged offense of assault in the third degree. Judgment was entered on July 16, 1991, and Hutch filed a timely notice of appeal.

## B. No. 15143

On February 15, 1990, Hutch was charged in Cr. No. 90–0277 with theft in the second degree, in violation of HRS § 708–831(1)(b) (Supp. 1992). Due to various delays, including (1) Hutch's failure to appear at arraignment, (2) the pendency of his motions for mental examination and for continuance of trial week, and (3) congestion of

the circuit court's calendar, trial did not begin until December 19, 1990.

Prior to the commencement of jury selection, Hutch filed a "motion to obtain a court order to allow petitioner to represent himself in criminal cases [sic] and to dismiss counsel of record." [2] The trial court "summarily denied" the motion, but elaborated as follows:

[THE COURT:] The Court will allow the Defendant Hutch to assist in his defense. . . .

I feel that the defendant despite the fact the defendant appears to be an intelligent individual[,] I feel that [because of] the defendant's lack of formal training in the field of law [he] is not able to adequately and fully represent himself at trial.

However, I will allow the defendant some leeway. I feel that no great harm will be done to allow the defendant to represent himself during the trial. And I will ask [trial counsel], the [c]ourt [a]ppointed attending attorney to stand by and act as co–counsel. I will not dismiss [trial counsel].

. . . .

MR. HUTCH: Excuse me, Your Honor.

THE COURT: Yes, Mr. Hutch.

MR. HUTCH: Are you saying that I have a constitutional right . . . to represent myself in this case?

THE COURT: I made no such statement. I am using my discretion to allow you to represent

---

[2] For reasons that are unclear, the motion was captioned to be heard in the United States District Court for the District of Hawai'i. The record does not indicate that the federal district court ever did so.

yourself, to assist in the representation of yourself.

I have made no comments as to whether or not there is any constitutional rights on your part.

. . . .

MR. HUTCH: I do not want [trial counsel] as counsel of record.

. . . .

THE COURT: I am ordering him to assist.

MR. HUTCH: You're forcing me against my will to accept counsel of record.

THE COURT: That's correct.

Hutch then moved orally for an HRPP 48(b)(1) dismissal of the charge, observing that "I ask[ed] for a speedy trial. I did not get it. It's been ten months since I've been waiting . . . to go to trial." After a brief interchange, the trial judge declared that "[y]our motion to dismiss under Rule 48 is summarily denied."

On December 20, 1990, the jury found Hutch guilty of theft in the second degree. Judgment was entered on February 1, 1991, and Hutch filed a timely notice of appeal.

## II. DISCUSSION

### A. Hutch's Constitutional Right To Self–Representation Was Not Violated By The Appointment Of Standby Counsel.

In *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975), the United States Supreme Court recognized that defendants in criminal cases have a constitutional right of self–representation that is "necessarily implied by the structure of the [sixth]

[a]mendment" to the United States Constitution.[3] *Id.* at 819, 95 S. Ct. at 2533. In so ruling, the *Faretta* Court reasoned as follows:

> The [s]ixth [a]mendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense. It is the accused, not counsel, who must be "informed of the nature and cause of the accusation," who must be "confronted with the witnesses against him," and who must be accorded "compulsory process for obtaining witnesses in his favor." . . . The right to defend is given directly to the accused; for it is he who suffers the consequences if the defense fails.
>
> The counsel provision supplements this design. It speaks of the "assistance" of counsel, and an assistant, however expert, is still an assistant. The language and spirit of the [s]ixth [a]mendment contemplate that counsel, like the other defense tools guaranteed by the [a]mendment, shall be an aid to a willing defendant — not an organ of the State interposed between an unwilling defendant and his right to defend him-

---

[3] The sixth amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining Witnesses in his favor, and to have the Assistance of Counsel for his defence." A criminal defendant's right to counsel, being "implicit in the concept of ordered liberty," *see Palko v. Connecticut*, 302 U.S. 319, 58 S. Ct. 149, 82 L. Ed. 288 (1937), is applicable to the states through the due process clause of the fourteenth amendment. *State v. Dicks*, 57 Haw. 46, 47, 549 P.2d 727, 729 (1976); *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963).

self personally. To thrust counsel upon the accused, against his considered wish, thus violates the logic of the [a]mendment. In such a case, counsel is not an assistant, but a master; and the right to make a defense is stripped of the personal character upon which the [a]mendment insists.

*Id.* at 819–20, 95 S. Ct. at 2533–34 (footnotes omitted).

Noting, however, that "in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts," *id.* at 834, 95 S. Ct. at 2540, the *Faretta* Court nevertheless observed that a state, "even over objection by the accused," would not offend the sixth amendment by "appoint[ing] a 'standby counsel' to aid the [defendant] if and when the [defendant] requests help, and to be available to represent the [defendant] in the event that termination of the defendant's self–representation is necessary." *Id.* at 835 n.46, 95 S. Ct. at 2541 n.46 (citation omitted).

In **McKaskle v. Wiggins**, 465 U.S. 168, 104 S. Ct. 944, 79 L. Ed. 2d 122, *reh'g denied*, 465 U.S. 1112, 104 S. Ct. 1620, 80 L. Ed. 2d 148 (1984), the United States Supreme Court elevated the *Faretta* observation to the level of a full–blown holding. "A defendant's [s]ixth [a]mendment rights," the *McKaskle* Court declared,

are not violated when a trial judge appoints standby counsel — even over the defendant's objection — to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals. Participation by counsel to steer a defendant through the basic procedures of trial

> is permissible even in the unlikely event that it somewhat undermines the *pro se* defendant's appearance of control over his own defense.

*Id.* at 184, 104 S. Ct. at 954.

Article I, section 14 of the Hawai'i Constitution[4] parallels the sixth amendment's guarantee of a defendant's right to counsel in criminal cases. *State v. Dicks*, 57 Haw. 46, 47, 549 P.2d 727, 729 (1976). The Intermediate Court of Appeals has, however, correctly noted that "[t]his jurisdiction's appellate courts have not ruled on the question whether the right to represent oneself as a defendant in a criminal case is implied under the right to assistance of counsel guaranteed by article I, [section] 14 of the Hawai'i State Constitution." *State v. Hirano*, 8 Haw. App. 330, 335–36, 802 P.2d 482, 485, *cert. denied*, 71 Haw. 668, 833 P.2d 901 (1990). Nevertheless, this court has always been mindful of its obligation to "afford defendants the minimum protection required by federal interpretations of the [f]ourteenth [a]mendment to the Federal Constitution . . . ." *State v. Texeira*, 50 Haw. 138, 142 n.2, 433 P.2d 593, 597 n.2 (1967). Accordingly, inasmuch as the United States Supreme Court has deemed the right of self–representation to be implicit in the sixth amendment to the United States Constitution and the sixth amendment is applicable to the states through the fourteenth amendment,[5] it therefore follows, and we so

---

[4] Article I, section 14 of the Hawai'i Constitution provides in relevant part:

> In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation; to be confronted with the witnesses against the accused; to have compulsory process for obtaining witnesses in the accused's favor; and to have the assistance of counsel for the accused's defense.

[5] *See supra* note 3.

hold, that the same right is guaranteed by article I, section 14 of the Hawai'i Constitution.

The question thus arises whether a trial court's imposition of standby counsel on a criminal defendant over his or her objection constitutes a *per se* violation of article I, section 14. "[A]s the highest court of a sovereign state," we are "under the obligation to construe the state constitution, not in total disregard of federal interpretations of identical language, but with reference to the wisdom of adopting those interpretations for our state." *Texeira*, 50 Haw. at 142 n.2, 433 P.2d at 597 n.2; *see also* *State v. Kaluna*, 55 Haw. 361, 369, 520 P.2d 51, 58 (1974). By the same token, " '[a]s the ultimate judicial tribunal with final, unreviewable authority to interpret and enforce the Hawai'i Constitution, we are free to give broader . . . protection [under . . . the Hawai'i Constitution] than that given by the federal constitution.' " *Baehr v. Lewin*, 74 Haw. 530, 555, 852 P.2d 44, 57, *reconsideration and clarification granted in part*, 74 Haw. 645, 852 P.2d 74 (1993) (citing *State v. Kam*, 69 Haw. 483, 491, 748 P.2d 372, 377 (1988)); *see also* *State v. Quino*, 74 Haw. 161, 170, 840 P.2d 358, 362, *reconsideration denied*, 74 Haw. 650, 843 P.2d 144 (1992), *cert. denied*, ___ U.S. ___, 113 S. Ct. 1849, 123 L. Ed. 2d 472 (1993); *State v. Kim*, 68 Haw. 286, 289, 711 P.2d 1291, 1293 (1985); *State v. Wyatt*, 67 Haw. 293, 304 n.9, 687 P.2d 544, 552 n.9 (1984); *Kaluna*, 55 Haw. at 369, 520 P.2d at 58; *State v. Santiago*, 53 Haw. 254, 265, 492 P.2d 657, 664 (1971).[6] On the issue before us, we choose to apply the

---

[6] Although, at first blush, it might seem incongruous that the right to refuse standby counsel would be regarded as according a criminal defendant "greater protection" than that found in the sixth amendment, nevertheless, as *Faretta* and *McKaskle* illustrate, in theory it is.

wisdom of *Faretta* and *McKaskle* to our interpretation of article I, section 14 of the Hawai'i Constitution.

As the reasoning of *Faretta* and *McKaskle* set forth *supra* demonstrates, a criminal defendant's right to self–representation is not absolute. A trial court may not only insist on standby counsel to provide appropriate assistance in the first instance, but may also "terminate self–representation by a defendant who deliberately engages in serious and obstructionist misconduct" because "[t]he right of self–representation is not a license to abuse the dignity of the courtroom." *Faretta*, 422 U.S. at 835 n.46, 95 S. Ct. at 2541 n.46 (citation omitted).[7]

We therefore hold that the mere appointment of standby counsel over a defendant's objection does not, *per se*, violate article I, section 14 of the Hawai'i Constitution. Instead, the level of standby counsel's participation determines whether a defendant's constitutional right of self–representation has been violated.

As a general matter, "[t]he *pro se* defendant must be allowed to control the organization and content of his [or her] own defense, to make motions, to argue points of law, to participate in *voir dire*, to question witnesses, and to address the court and the jury at appropriate points in the trial." *McKaskle*, 465 U.S. at 174, 104 S. Ct. at 949. In determining whether the right of self–representation has been respected, "the primary focus must be on whether the defendant had a fair chance to present his [or her] case in his [or her] own way." *Id.* at 177, 104 S. Ct. at 950.

In proceedings before the jury, "the *pro se* defendant is entitled to preserve actual control over the case he [or she]

---

[7] We imply no such misconduct or abuse on Hutch's part in the present case.

chooses to present," such that "participation by standby counsel without the defendant's consent [does] not . . . destroy the jury's perception that the defendant is representing himself [or herself]." *Id.* at 178, 104 S. Ct. at 951 (footnote omitted). Accordingly, "[i]f standby counsel's participation over the defendant's objection effectively allows counsel to make or substantially interfere with any significant tactical decisions, or to control the questioning of witnesses, or to speak *instead* of the defendant on any matter of importance, the [right of self–representation] is eroded." *Id.* (Emphasis in original.)

Similarly, the right of self–representation is "adequately vindicated in proceedings outside the presence of the jury if the *pro se* defendant is allowed to address the court freely on his [or her] own behalf and if disagreements between counsel and the *pro se* defendant are resolved in the defendant's favor whenever the matter is one that would normally be left to the discretion of counsel." *Id.* at 179, 104 S. Ct. at 951 (footnote omitted).

Applying the foregoing standards, our review of the records in Cr. Nos. 89–0395 and 90–0277 convinces us that neither standby counsel violated Hutch's right of self–representation. Before the jury in Cr. No. 90–0277, standby counsel requested cautionary instructions, cross–examined a witness, made objections, and participated in bench conferences. Insofar as this participation addressed basic procedural matters or issues of evidentiary admissibility, it in no way interfered with Hutch's prerogative to represent himself. Throughout the proceedings in the jury's presence, Hutch retained actual control of his defense; standby counsel's involvement was neither substantial nor frequent enough to have conceivably undermined the jury's perception that Hutch was representing himself.

Out of the jury's presence, standby counsel offered to subpoena a witness requested by Hutch, sought a ruling on a motion *in limine*, advised the court and Hutch regarding certain aspects of Hutch's defense, and made certain evidentiary offers. However, Hutch was allowed to address the court freely and, in every instance where Hutch disagreed with standby counsel, the trial court resolved the disagreement in Hutch's favor.

We therefore hold that standby counsel's participation, both in and out of the jury's presence, in Cr. No. 90–0277 did not violate Hutch's constitutional right of self–representation.

Before the jury in Cr. No. 89–0395, standby counsel requested a bench conference; additionally, on one occasion, the trial court advised Hutch to confer with standby counsel regarding a hearsay objection interposed by the prosecution. Such limited participation by standby counsel dealing with elementary procedural and evidentiary matters was of precisely the "unobjectionable, mechanical sort," *see* **McKaskle**, 465 U.S. at 186, 104 S. Ct. at 955, that could not reasonably be regarded as denying Hutch a fair chance to present his case in his own way.

Out of the jury's presence, standby counsel provided the trial court with information regarding witnesses, made certain requests on Hutch's behalf, and handled some "housekeeping" matters. Nevertheless, Hutch was allowed to address the court freely, and the record reflects no disagreements between Hutch and standby counsel on any subject.

We therefore hold that standby counsel's participation, both in and out of the jury's presence, in Cr. No. 89–0395 did not violate Hutch's constitutional right of self–representation.

### B. Hutch Was Denied Neither Due Process Of Law Nor A Fair Trial In Cr. No. 90–0277.

In Cr. No. 90–0277, Hutch contends that he was denied due process of law and a fair trial because, in his view, the trial judge questioned the prosecution's witnesses excessively and made prejudicially disparaging remarks about him on the record. We disagree.

A trial judge's questioning of a witness is reviewed on appeal for abuse of discretion.[8] *State v. Schutter*, 60 Haw. 221, 222, 588 P.2d 428, 429 (1978), *reh'g denied*, 60 Haw. 677, 588 P.2d 428 (1979). In *Schutter*, we noted that

---

[8] Hawai'i Rules of Evidence (HRE) 614(b) (1981), relating to "[i]nterrogation [of witnesses] by [the] court," provides in relevant part that "[t]he court may interrogate witnesses, whether called by itself or by a party." The commentary to HRE 614 cites McCormick, Evidence § 8 (2d ed. 1972) and 9 Wigmore, Evidence § 2484 (3d ed. 1940) for the proposition that "[t]he right of the court . . . to question witnesses has long been recognized as fundamental in the Anglo–American adversary system." The commentary further cites *Territory v. Kekipi*, 24 Haw. 500, 504 (1918), for the following principle:

> The trial judge should never assume the duties of counsel, but if he at any time becomes convinced that the witness has misunderstood the questions propounded by either counsel and as a result of such misunderstanding the import of his testimony is in doubt, it is not only his privilege but his duty to ask such questions of the witness as are necessary to remove such doubt and fully develop the truth in the case.

The commentary circumscribes the foregoing principle, however, with the admonition that the trial judge should not cross–examine a criminal defendant so extensively as to give rise to jury bias. *Id.* In our view, a trial judge should exercise extraordinary care in examining a criminal defendant in a jury trial. On the other hand, the judge is accorded considerably greater discretion in the questioning of witnesses in jury waived trials and during the hearing of evidentiary motions. In such cases, it is the judge who is the trier of fact, and, accordingly, there is no possibility of jury bias; under the circumstances, the judge's duty to clarify testimony and fully develop the truth in the case becomes particularly heightened.

a trial judge has the right to examine witnesses to elicit pertinent material facts not brought out by either party or to clarify testimony. Such power is incident to the search for truth in judicial proceedings. At no time, however, must the court assume the role of an advocate for either party. In this connection, the following observations are pertinent:

> The power or discretion of a trial judge to question a witness is not unlimited or unbounded . . . . While the mere fact that the judge examines a witness at some length is not necessarily improper, it is improper for a judge to conduct an unduly extended examination of any witness. Moreover, the judge should not by the form, manner or extent of his questioning indicate to the jury his opinion as to the merits of the case, and the judge must be ever cautious that his questioning of a witness not show bias toward the witness or disbelief of his credibility. The judge should not assume the role of an advocate for either party nor cast aspersions or ridicule upon the witness. . . .

This power to interrogate must be judiciously exercised, and the examination ought not to be extended beyond that which is reasonably necessary to elicit needed material facts or to clarify testimony.

*Id.* at 222–23, 588 P.2d at 429 (citations omitted).

A careful review of the record in Cr. No. 90–0277 reveals that the questions, to which Hutch objects, that

the trial judge propounded of witnesses merely served to clarify Hutch's own questions and the witness' responses to them and to further elicit material facts. In addition, one of the statements of which Hutch complains explained why the trial judge sustained an objection interposed by Hutch, while another appears to have been made by a witness and not the trial judge. Accordingly, we hold that the trial judge committed no abuse of discretion in his limited questioning of witnesses.

Hutch's claim of the denial of due process of law and a fair trial because of comments made by the trial judge in the presence of the jury is reviewed on appeal to determine whether he has met his burden of "demonstrat[ing] that those comments prejudiced the jury against him." *State v. Alfonso*, 65 Haw. 95, 98, 648 P.2d 696, 699 (1982) (citations omitted). Based on our review of the record, we are convinced that Hutch has failed to meet his burden. *Cf. State v. Apao*, 59 Haw. 625, 642, 586 P.2d 250, 261 (1978). We therefore hold that Hutch was not deprived of his due process right to a fair trial.

C. **The Trial Courts In Cr. Nos. 90–0277 and 89–0395 Committed Reversible Error In Denying Hutch's HRPP 48(b) Motions To Dismiss Without Making The Necessary Findings of Fact.**

A trial court's findings of fact (FOFs) in deciding an HRPP 48(b) motion to dismiss are subject to the clearly erroneous standard of review. *State v. Jackson*, 8 Haw. App. 624, 630–31, 817 P.2d 130, 135 (1991) (citation omitted); *State v. Miller*, 4 Haw. App. 603, 606, 671 P.2d 1037, 1040 (1983) (citations omitted). An FOF "is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and

firm conviction that a mistake has been committed." *Sifagaloa v. Board of Trustees, Employees' Retirement System*, 74 Haw. 181, 194, 840 P.2d 367, 373 (1992) (citation omitted); *State v. Batson*, 73 Haw. 236, 246, 831 P.2d 924, 930, *reconsideration denied*, 73 Haw. 625, 834 P.2d 1315 (1992) (citation omitted). "However, whether those facts fall within one of [HRPP] 48(c)'s exclusionary provisions is a question of law, the determination of which is freely reviewable" pursuant to the "right/wrong" test. *Jackson*, 8 Haw. App. at 631, 817 P.2d at 135.

In both Cr. Nos. 90–0277 and 89–0395, the trial courts summarily denied Hutch's HRPP 48(b) motions to dismiss. On the records before us, we hold that the trial courts committed reversible error in failing to state, on the record, the essential FOFs upon which they based their denials of the motions.

HRPP 12 (1993) provides in relevant part:

(b) **Pretrial Motions.** Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. ...

. . . .

(c) **Motion Date.** Pretrial motions and requests must be made within 21 days after arraignment unless the court otherwise directs.

. . . .

(e) **Ruling on Motion.** A motion made before trial shall be determined before trial unless the court orders that it be deferred for determination at the trial of the general issue or until after verdict; provided that a motion to suppress made before trial shall be determined before trial. *Where factual issues are involved in determining a*

*motion, the court shall state its essential findings
on the record.*

(Emphasis added.)

Hutch's HRPP 48(b) motions were demonstrably "pretrial motions" within the meaning of HRPP 12(b) because they were raised before the commencement of his trials and were capable of determination independently of the trial of the substantive offenses with which he was charged. Notwithstanding their status as "pretrial motions," however, they were unconstrained by the requirements of HRPP 12(c), inasmuch as "a motion to dismiss for violation of a defendant's Rule 48(b), HRPP speedy trial right may be filed at any time before the trial commences . . . ." *State v. Coyaso*, 9 Haw. App. 232, 235 n.1, 832 P.2d 737, 740 n.1, *rev'd in part on other grounds*, 73 Haw. 352, 833 P.2d 66 (1992).[9]

HRPP 12(e) requires a court to "state its essential findings on the record" where "factual issues are involved in determining [the] motion." An HRPP 48(b) motion to dismiss, by its very nature, involves factual issues. Pursuant to the rule, a defendant may move to dismiss the charges against him or her if trial is not commenced within six months (construed as one hundred eighty days) from the events enumerated within its provisions. HRPP 48(c) mandates that the court exclude certain time periods from its computation in determining whether the one

---

[9] It would be absurd to require that an HRPP 48(b) motion to dismiss be subject to the requirement of HRPP 12(c) that pretrial motions be filed within twenty–one days after arraignment. HRPP 48(b) provides, *inter alia*, that a criminal charge must be dismissed if trial is not commenced within six months from the date of arrest or of filing of the charge, whichever occurs first. HRPP 48(b)(1) (1985). Obviously, no definitive determination can be made in that regard until trial actually commences.

hundred eighty days have run. Before the court may conclude as a matter of law that any of the excluded time periods set forth in HRPP 48(c) have been established, it must first make the appropriate FOF.

By way of illustration, we ruled in *State v. Caspino*, 73 Haw. 256, 257, 831 P.2d 1334, 1335 (1992), that the record contained "no support . . . for the trial court's determination that 'exceptional congestion in the circuit court' mandated the exclusion per HRPP 48(c)(2)." We held that "[i]n order for court congestion to qualify as 'exceptional,' as opposed to usual, there must be a showing of deviation from the norm." *Id.* Accordingly, we remanded the case to the circuit court with instructions to make appropriate FOF. *Id.* at 258, 831 P.2d at 1335.

Similarly, pursuant to HRPP 48(c)(3), the court must find whether any period of delay resulting from a continuance was granted at the request or with the consent of the defendant or his or her counsel. *See, e.g., Miller, supra.* If the court so finds, it may then enter an appropriate HRPP 48(c) conclusion of law. *Id.*, 4 Haw. App. at 606–07, 671 P.2d at 1040.

As the foregoing examples illustrate, motions to dismiss pursuant to HRPP 48(b), by their very nature, involve factual issues that must be resolved before they can be decided. For this reason, we hold that the trial courts in Cr. Nos. 90–0277 and 89–0395 committed reversible error in denying Hutch's motions without stating their "essential findings on the record" in accordance with HRPP 12(e). "Because . . . findings [of fact] are imperative for an adequate judicial review of a lower court's conclusions of law," we have held "that cases will be remanded when the factual basis of the lower court's ruling cannot be determined from the record." *State v. Anderson*, 67 Haw. 513, 514, 693 P.2d 1029,

1030 (1985); *see also* **State v. Rodgers**, 70 Haw. 156, 766 P.2d 675 (1988).

## III. CONCLUSION

Because we hold that the trial courts in Cr. Nos. 90–0277 and 89–0395 erred in denying Hutch's HRPP 48(b) motions without stating their essential findings on the record, we vacate the orders denying the motions and remand for entry of appropriate FOF consistent with this opinion.

On the briefs:

*Keith M. Kaneshiro*, Prosecuting Attorney, and *Doraine Meyer Belnap*, Deputy Prosecuting Attorney, for plaintiff–appellee State of Hawai'i.

*Wayne M. Rooney* for defendant–appellant Eugene Hutch.