STATE OF HAWAII, Plaintiff-Appellee,
v.
PATRICK I. HANATO, Defendant-Appellant
No. 28679.
Intermediate Court of Appeals of Hawaii.
July 22, 2008.
On the briefs:
Joseph R. Mottl, III, for defendant-appellant.
James M. Anderson, deputy prosecuting attorney, City and County of Honolulu, for plaintiff-appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE, and NAKAMURA, JJ.
Defendant-Appellant Patrick I. Hanato (Hanato) appeals from the Judgment entered by the Circuit Court of the First Circuit[1] (circuit court) on July 3, 2007, convicting and sentencing him for Burglary in the First Degree, a violation of Hawaii Revised Statutes § 708-810(1)(c) (1993).
Hanato contends that the circuit court erred in: (1) denying his motion to dismiss for violation of Hawai`i Rules of Penal Procedure (HRPP) Rule 48 (Rule 48 Motion); (2) giving the jury Hawai`i Standard Jury Instructions 3.02 and 3.03, which "allow[ed the] juror[s] to decide the issue of guilt before all the evidence [was] presented" and violated his right to a fair trial under the Due Process Clause of the Hawaii Constitution; and (3) allowing Plaintiff-Appellee State of Hawai`i (State) to use a PowerPoint slide during closing argument that unfairly and prejudicially displayed in large, red letters the term "GUILTY AS CHARGED[,]" in violation of his right to a fair trial under the Due Process Clause of the Hawaii Constitution.
Upon a thorough review of the record and the briefs submitted by the parties, and having duly considered the issues and arguments raised on appeal, as well as the statutory and case law relevant thereto, we resolve Hanato's claims as follows:
(1) In State v. Hutch, 75 Haw. 307, 861 P.2d 11 (1993), the Hawai`i Supreme Court held that it was reversible error for a trial court to deny a Rule 48 motion without stating, on the record, the essential findings of fact that form the basis for the denial of the motion, as required by HRPP Rule 12(e). Id. at 331, 861 P.2d at 23. The supreme court further stated that
[b]ecause findings of fact are imperative for an adequate judicial review of a lower court's conclusions of law, we have held that cases will be remanded when the factual basis of the lower court's ruling cannot be determined from the record.
Id. (internal quotation marks, ellipsis, and brackets omitted).
In this case, we are similarly unable to determine the merits of Hanato's Rule 48 Motion because not only did the circuit court fail to enter a written order denying the motion, it also failed to state, on the record, the factual basis for its denial. We are thus unable to determine which periods of time between Hanato's arrest on April 4, 2005 and the filing of Hanato's HRPP Rule 48 Motion on March 8, 2007 (a total of 695 days) the circuit court excluded pursuant to HRPP Rule 48(c) in determining that Hanato's HRPP Rule 48 right to be tried within six months (180 days) was not violated. Therefore, we must remand this case to the circuit court for entry of such findings and conclusions.
(2) Hanato has failed to demonstrate that Standard Jury Instructions 3.02 and 3.03, when considered as a whole, were prejudicially insufficient, erroneous, inconsistent, or misleading, or given in violation of his right to a fair trial and due process of law. State v. Gonsalves, 108 Hawai`i 289, 292-93, 119 P.3d 597, 600-01 (2005); Sandy Beach Def. Fund v. City Council of Honolulu, 70 Haw. 361, 378, 773 P.2d 250, 261 (1989).
(3) Hanato has failed to demonstrate that the PowerPoint slide used by the State in its closing argument was unduly prejudicial or in violation of his right to a fair trial and due process of law. Sandy Beach Def. Fund, 70 Haw. at 378, 773 P.2d at 261. Indeed, the circuit court expressly instructed the jury that "[s]tatements or remarks made by counsel are not evidence. You should consider their arguments to you, but you are not bound by their recollections or interpretations of the evidence."
Based on the foregoing discussion, we remand this case to the circuit court for entry of a written order on Hanato's Rule 48 Motion, along with appropriate HRPP Rule 12(e) findings of fact and conclusions of law that meet the requirements of Hutch. If, on remand, the circuit court determines that Hanato's HRPP Rule 48 right was violated, it shall vacate the July 3, 2007 Judgment and dismiss the charges against Hanato, with or without prejudice in its discretion, in accordance with the principles outlined in State v. Estencion, 63 Haw. 264, 269, 625 P.2d 1040, 1043 (1981), and State v. Coyaso, 73 Haw. 352, 833 P.2d 66 (1992). If the circuit court finds and concludes that Hanato's HRPP Rule 48 right was not violated, Hanato is free to file a new appeal challenging the findings of fact and conclusions of law upon which the circuit court's determination was made.
NOTES
[1] The Honorable Dexter D. Del Rosario presided.