STATE OF HAWAI`I, Respondent/Plaintiff-Appellee,
v.
MICHAEL CHANG, Petitioner/Defendant-Appellant.
No. 28987
Supreme Court of Hawaii.
November 2, 2009.
Joseph R. Mottl, III, for petitioner/defendant-appellant, on the application
Donn Fudo, Deputy Prosecuting Attorney, for respondent/plaintiff-appellee, of record.

SUMMARY DISPOSITION ORDER
MOON, C.J., NAKAYAMA, ACOBA, DUFFY, and RECKTENWALD, JJ, for the court
On November 2, 2009, we accepted petitioner/defendant-appellee Michael Chang's application for a writ of certiorari. On application, Chang seeks review of the Intermediate Court of Appeals' (ICA) July 16, 2009 judgment on appeal, entered pursuant to its June 25, 2009 summary disposition order (SDO). Therein, the ICA affirmed the Circuit Court of the First Circuit's[1] July 31, 2008 amended judgment, convicting Chang of and sentencing him for: (1) one count of promoting a dangerous drug in the second degree in violation of Hawai`i Revised States (HRS) § 712-1243(1)(b)(i) (Supp. 2004); (2) three counts of promoting a dangerous drug in the third degree in violation of HRS § 712-1243(1) (Supp. 2008); (3) one count of unlawful use of drug paraphernalia, in violation of HRS § 329-43.5(a) (1993); (4) one count of promoting a harmful drug in the fourth degree in violation of HRS § 712-1246.5 (1993); and (5) one count of driving without a license in violation of HRS § 286-102 (Supp. 2004).
Briefly stated, Chang was charged  via complaint  with the aforementioned offenses on June 27, 2005. On May 14, 2007, the trial court dismissed the charges without prejudice based on respondent/plaintiff-appellate State of Hawai`i's (the prosecution) unpreparedness for trial. On June 27, 2007, the prosecution re-charged Chang  via indictment  for the same offenses. Chang subsequently made an oral motion to dismiss based on a violation of Hawai`i Rule of Penal Procedure (HRPP) Rule 48 (2009),[2] which the court orally denied. No findings of fact (FOFs), conclusions of law (COLS), or written order denying Chang's motion were entered by the trial court. Following a jury trial, Chang was convicted of all charges, and he appealed, arguing, inter alia, that the trial court erred in denying his HRPP Rule 48 motion to dismiss. The ICA summarily affirmed the trial court's judgment of conviction and sentence, concluding that, "because six months had not elapsed between the re-filing of the charges and Chang's trial," the trial court "did not err by denying Chang's oral motion to dismiss pursuant to HRPP Rule 48." State v. Chang, No. 28987 (June 25, 2009) (s.d.o.) at 2.
Chang argues that the ICA erred in affirming his convictions and sentence because the trial court erred in denying his HRPP Rule 48 motion to dismiss. HRPP Rule 12(e) (2009) governs pre-trial motions and provides in relevant part that, "[w]here factual issues are involved in determining a [pre-trial] motion, the court shall state its essential findings of fact on the record." (Emphasis added.) In State v. Hutch, 75 Haw. 307, 861 P.2d 11 (1993), this court concluded that a defendant's HRPP Rule 48 motion constitutes a "pre-trial motion" that, "by its very nature," involves factual issues, and, as such, the trial court's grant or denial of such a motion is subject to the requirements of HRPP Rule 12(e). Id. at 328-29, 861 P.2d at 22.
Here, the record indicates that the trial court summarily denied Chang's motion to dismiss without entering a written order, FOFs, or COLs. Moreover, the trial court did not orally state on the record or otherwise indicate the "essential findings" upon which its denial was based during the pre-trial hearing on Chang's motion. See State v. Kahoonei, 83 Hawai`i 124, 925 P.2d 294 (1996) (indicating that, inasmuch as the circuit court orally stated its essential findings on the record, it had complied with HRPP Rule 12(e)).
Based on the foregoing, we conclude that the trial court failed to comply with the requirements of HRPP Rule 12(e). Consequently, we hold that the trial court reversibly erred and that the ICA, in turn, erred in affirming the trial court's judgment. Accordingly,
IT IS HEREBY ORDERED that: (1) the ICA's July 16, 2009 judgment and June 25, 2009 SDO are vacated; (2) the case is remanded to the ICA; (3) the ICA shall temporarily remand the case to the trial court for the entry of the appropriate FOFs, COLs, and a written order disposing of Chang's HRPP Rule 48 motion; and, (4) upon return of the case to the ICA, the parties shall be ordered to submit additional briefing for the limited purpose of addressing the FOFs and COLs.

ORDER ACCEPTING APPLICATION FOR WRIT OF CERTIORARI
Petitioner/defendant-appellant Michael Chang's application for writ of certiorari, filed on September 23, 2009 is hereby accepted.
NOTES
[1] The Honorable Karl K. Sakamoto presided over the underlying proceedings.
[2] HRPP Rule 48 provides, in relevant part:

(b) By court. Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within [six] months:
(1) from the date of arrest if bail is set or from the filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made; or
(2) from the date of re-arrest or re-filing of the charge, in cases where an initial charge was dismissed upon motion of the defendant; or
(3) from the date of mistrial, order granting a new trial or remand, in cases where such events require a new trial.
(Bold emphasis in original.)