**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000442**
**30-MAY-2025**
**07:49 AM**
**Dkt. 53 SO**

NO. CAAP-22-0000442

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS TRUSTEE FOR THE POOLING AND SERVICING
AGREEMENT DATED AS OF NOVEMBER 1, 2006
SECURITIZED ASSET BACKED RECEIVABLES LLC
TRUST 2006-FR4, Plaintiff-Appellee, v.
LORI J. HAWTHORNE FORMERLY KNOWN AS LORI J. BAUER
ALSO KNOWN AS LORI S. BAUER, Defendant-Appellee,
and
LANI PACIFIC, Defendant-Appellant,
and
DOES 1 through 20, Inclusive, Defendants.
(CASE NO. 3CC19100014K)

AND

LANI PACIFIC, a registered business entity,
Plaintiff-Appellant,
v.
DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS TRUSTEE FOR THE POOLING AND SERVICING
AGREEMENT DATED AS OF NOVEMBER 1, 2006
SECURITIZED ASSET BACKED RECEIVABLES LLC
TRUST 2006-FR4, Defendant-Appellee,
and
DOES 1 through 20, Inclusive, Defendants
(CIVIL NO. 3CCV-20-0000212)


APPEALS FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, and Nakasone and McCullen, JJ.)

Defendant/Plaintiff-Appellant Lani Pacific (**LP**), representing itself,[1] appeals from the following orders entered in the Circuit Court of the Third Circuit[2] (**Circuit Court**): (1) the June 13, 2022 "Order to Cease Non-Attorney Representation and Directing [LP], a [R]egistered [B]usiness [E]ntity, to Obtain Legal Counsel" (**Order to Obtain Counsel**); (2) the June 27, 2022 "Order Denying Without Prejudice [LP]'s Ex Parte Motion to Set Aside or Vacate [Order to Obtain Counsel] and for Other Relief Entered on 13 June 2022[,] Filed June 21, 2022" (**Order Denying Rule 60(b) Motion**); and (3) the July 13, 2022 "Order Denying [LP]'s Amended Motion to Alter, Rescind, or Amend [Order to Obtain Counsel] Entered on 13 June 2022, Filed June 24[,] 2022" (**Order Denying Rule 59(e) Motion**).

We previously addressed LP's appeal from the March 12, 2021 Judgment and the July 6, 2021 Judgment (**Quiet Title Judgment**) in the underlying consolidated cases. See Deutsche Bank Nat'l Tr. Co., as Tr. For the Pooling & Servicing Agreement Dated as of Nov. 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006 FR4 v. Lani Pacific (LP I), Nos. CAAP-21-0000281, CAAP-21-0000456, 2023 WL 4145925 (Haw. App. June 23, 2023) (SDO).

While that appeal was pending, on June 13, 2022, the Circuit Court *sua sponte* entered the Order to Obtain Counsel, "based on [LP's], a registered business entity, self-representations before this court without licensed counsel[.]" The court ordered:

> 1) Filings made before the Court by [LP] without the representation of legal counsel shall be stricken from the record;
>
> 2) [LP] shall have 30 (thirty) days from the filing of this order to obtain an attorney, licensed in the practice of law in the State of Hawaiʻi, to represent [LP] in this matter;

---

[1] LP is represented on appeal by David Paul Biesemeyer (**Biesemeyer**), as the "Sole Proprietor" of LP.

[2] The Honorable Robert D.S. Kim presided.

3)    If [LP] fails to obtain such counsel, or request a reasonable extension of time to do so, the Court may enter default in this matter and take other remedial action as is deemed necessary;

4)    All further filings made through the unauthorized practice of law will not be heard by this Court and shall continue to be stricken from the record.

(Footnotes omitted.)

On June 21, 2022, LP filed an ex parte motion to set aside the Order to Obtain Counsel, citing Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 60(b) (**Rule 60(b) Motion**). On June 23, 2022, LP filed a motion to alter, rescind, or amend the Order to Obtain Counsel, citing HRCP Rule 59(e). On June 24, 2022, LP filed an amended motion to alter, rescind, or amend the Order to Obtain Counsel, citing HRCP Rules 59(e) and 60(b) (**Rule 59(e) Motion**).

The Circuit Court entered the Order Denying Rule 60(b) Motion on June 27, 2022, and the Order Denying Rule 59(e) Motion on July 13, 2022.

On July 13, 2022, LP filed a notice of appeal from the Order to Obtain Counsel, creating this appeal. On July 14, 2022, LP filed an amended notice of appeal from the Order to Obtain Counsel, the Order Denying Rule 60(b) Motion, and the Order Denying Rule 59(e) Motion (collectively, the **Challenged Orders**).

On appeal, LP contends that the Circuit Court erred in entering the Challenged Orders because LP "is not a separate legal entity, but an [a]lter [e]go of . . . Biesemeyer," and in ruling that Biesemeyer "d[id] not have [s]tanding as a [r]eal [p]arty in [i]nterest to its [a]lter [e]go, [LP.]"[3]

---

[3]    LP's apparent points of error have been partially restated and condensed for clarity. To the extent that LP raises "[q]uestions presented" regarding the Quiet Title Judgment in the underlying cases, we do not have jurisdiction over those questions, as discussed in footnote 4 below.

We also note that LP's opening brief does not comply in material respects with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b). In particular, the opening brief lacks a separate argument section. See HRAP Rule 28(b)(7). To promote access to justice, we liberally interpret a self-represented litigant's briefs and do not automatically foreclose them from appellate review because they fail to comply with court rules. Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020) (citing Morgan v. Plan. Dep't, 104 Hawaiʻi 173, 180-81, 86 P.3d 982, 989-90 (2004)). We thus address LP's arguments to the extent they can be discerned from other parts of the

(continued...)

Plaintiff/Defendant-Appellee Deutsche Bank National Trust Company, as Trustee for the Pooling and Servicing Agreement Dated as of November 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006 FR4 (**Deutsche Bank**) contends preliminarily that this court lacks jurisdiction over this appeal "because no final judgment had been entered when the appeal was noticed . . . and no [HRCP] Rule 54(b) certification was sought nor granted."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve LP's contentions as follows, and vacate the Challenged Orders.

We have jurisdiction over this appeal under the collateral order doctrine. See Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016). First, the Order to Obtain Counsel conclusively determines the disputed question of whether Biesemeyer may represent LP as its purported sole proprietor, or whether LP must retain counsel. Second, the order resolves an important issue completely separate from the merits of the action, which concerned a mortgage foreclosure complaint and quiet title counterclaim. Third, the order is effectively unreviewable on appeal from a final judgment, as LP's right to represent itself in the first instance will have been lost. Id. at 254, 369 P.3d at 837 (quoting Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 322, 966 P.2d 631, 634 (1998)); see Grube v. Trader, 142 Hawaiʻi 412, 428, 420 P.3d 343, 359 (2018) ("[T]he right of self-representation exists in both criminal and civil proceedings." (citing State v. Hutch, 75 Haw. 307, 318, 861 P.2d 11, 18 (1993))). Relatedly, if LP was improperly compelled to obtain private counsel to continue in the litigation, even assuming it had the funds to do so, it would not be able to recoup funds spent on such counsel after any appeal from a final judgment. The requirements of the collateral order doctrine are therefore satisfied as to the Challenged Orders.[4]

---

[3] (...continued)
opening brief.

[4] We do not, however, have jurisdiction over the "[q]uestions presented" that LP appears to raise regarding the Quiet Title Judgment. See
(continued...)

Id.

As to the merits of the appeal, LP contends that the Circuit Court erred in entering the Challenged Orders because LP is "not a separate legal entity" but an "alter ego" of Biesemeyer.

In Alexander & Baldwin, LLC v. Armitage, 151 Hawaiʻi 37, 508 P.3d 832 (2022), the supreme court ruled that "[a]s an unincorporated entity, the Reinstated Hawaiian Nation may only appear in court through an attorney representative[,]" and therefore two individuals, who were not attorneys, "should not have been allowed to represent its interests before the circuit court." Id. at 48, 508 P.3d at 843. The court relied on the rule against non-attorney representation of corporations, and reasoned that the rationale for the rule applies equally to "unincorporated entities," such as the "unincorporated association" at issue in Armitage. Id. at 43 n.1, 48, 508 P.3d at 838 n.1, 843; see id. at 49 n.11, 508 P.3d at 844 n.11 ("Whatever its statutory status, an unincorporated entity with multiple constituents may not be represented by a non-attorney agent in court.").

The Armitage decision did not purport to change Hawaiʻi case law holding that a sole proprietorship may represent itself, via its sole proprietor, in litigation, because "the firm name and the sole proprietor's name are but two names for one person" and are not separate legal entities. Garcia v. Fernandez, No. CAAP-18-0000375, 2020 WL 2991784, at *2 (Haw. App. June 4, 2020) (SDO) (quoting and citing Cervelli v. Aloha Bed & Breakfast, 142 Hawaiʻi 177, 193 n.16, 415 P.3d 919, 935 n.16 (App. 2018)); Credit Assocs. of Maui, Ltd. v. Carlbom, 98 Hawaiʻi 462, 465, 50 P.3d 431, 434 (App. 2002). Accordingly, following the supreme court's decision in Armitage, this court noted in LP I that it had relied on Garcia in denying Deutsche Bank's motion to dismiss

---

4/ (...continued)
Greer, 137 Hawaiʻi at 254, 369 P.3d at 837 ("[T]he appeal of a collateral order brings up for review only that order or the orders that collectively led to entry of the collateral order appealed." (citing Cook v. Surety Life Ins. Co., 79 Hawaiʻi 403, 409, 903 P.2d 708, 714 (App. 1955))). In any event, we note that LP's appeal from the Quiet Title Judgment was resolved in LP I, supra.

the appeal on the grounds that LP was not represented by a Hawaiʻi-licensed attorney, and that Biesemeyer could not represent LP.  LP I, 2023 WL 4145925, at * 1 n.2.  Specifically, we noted that dismissal was denied because (1) "'Lani Pacific' is a trade name, and the circuit court found that 'Lani Pacific is registered by Biesemeyer in the Department of Commerce and Consumer Affairs of the State of Hawaii, Business Registration Division as a Trade Name[,]'" and (2) "Garcia held that a sole proprietorship may litigate *pro se* . . . ."  Id. (original brackets omitted).

The same reasoning applies to this appeal.  Deutsche Bank does not dispute that LP is a sole proprietorship or that "Lani Pacific" is Biesemeyer's trade name.  Indeed, Deutsche Bank asserts that "Lani Pacific has always been nothing more than a registered trade name for Biesemeyer; i.e., Lani Pacific has always been one in the same as Biesemeyer . . . ."  (Capitalization altered; emphasis omitted.)  As a matter of law, Biesemeyer may represent LP, his trade name, in this litigation.[5/]  See Garcia, 2020 WL 2991784, at *2; Cervelli, 142 Hawaiʻi at 193 n.16, 415 P.3d at 935 n.16; Carlbom, 98 Hawaiʻi at 465, 50 P.3d at 434.

Deutsche Bank argues that LP's appeal should be dismissed under HRCP Rule 11 or the Challenged Orders "should be affirmed" on their merits because Biesemeyer has committed "a fraud upon the court" by falsely claiming in multiple court filings that LP is "a registered business entity."  Deutsche Bank further argues that the Circuit Court "was *compelled*" to issue the Order to Obtain Counsel pursuant to the Armitage decision.

Given the undisputed fact that LP is merely Biesemeyer's trade name (see supra), Armitage does not support, much less "compel," the issuance of the Order to Obtain Counsel.  The Circuit Court did not purport to impose a Rule 11 sanction in compelling LP to obtain counsel, and Deutsche Bank does not cite any authority permitting such a sanction.  Nor does Deutsche Bank

---

[5/]    Additionally, LP, as a party aggrieved by the Challenged Orders, has standing to appeal from them.  See Abaya v. Mantell, 112 Hawaiʻi 176, 181, 145 P.3d 719, 724 (2006).

point to any findings by the Circuit Court that would support the imposition of such a sanction in these circumstances.  See Trs. of Estate of Bishop v. Au, 146 Hawaiʻi 272, 282-83, 463 P.3d 929, 939-40 (2020).  In sum, the Circuit Court erred in entering the Order to Obtain Counsel.

For the reasons discussed above, we vacate the following orders entered in the Circuit Court of the Third Circuit:  (1) the June 13, 2022 "Order to Cease Non-Attorney Representation and Directing Defendant Lani Pacific, a [R]egistered [B]usiness [E]ntity, to Obtain Legal Counsel"; (2) the June 27, 2022 "Order Denying Without Prejudice Defendant/Plaintiff Lani Pacific's Ex Parte Motion to Set Aside or Vacate Order to Cease Non-Attorney Representation and Directing Defendant Lani Pacific, a Registered Business Entity, to Obtain Legal Counsel and for Other Relief Entered on 13 June 2022[,] Filed June 21, 2022"; and (3) the July 13, 2022 "Order Denying Defendant-Plaintiff Lani Pacific's Amended Motion to Alter, Rescind, or Amend Order Entered on 13 June 2022, Filed June 24[,] 2022."  This case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, May 30, 2025.


On the briefs:

Lani Pacific, by its Sole
Proprietor David Paul
Biesemeyer,
Self-represented Defendant/
Plaintiff-Appellant.

Justin S. Moyer
(Aldridge Pite, LLP)
for Plaintiff/Defendant-
Appellee Deutsche Bank
National Trust Company, as
Trustee for the Pooling and
Servicing Agreement Dated as
of November 1, 2006
Securitized Asset Backed
Receivables LLC Trust 2006-FR4

/s/ Clyde J. Wadsworth
Presiding Judge


/s/ Karen T. Nakasone
Associate Judge


/s/ Sonja M.P. McCullen
Associate Judge

7