STATE OF HAWAII, Plaintiff-Appellant, *v.* JULIE ANDERSON, also known as Kimberly Kay Brewer, Jennifer Kay Edwards, Sandy, and Julie Alexander, Defendant-Appellee

NO. 9549

CRIMINAL NO. 57186

JANUARY 21, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY HAYASHI, J.

Defendant, Julie Anderson, was arrested and indicted for promoting a dangerous drug in the third degree. She made a timely motion to suppress evidence which was heard by the lower court. At the suppression hearing the arresting police officer and the defendant testified. The testimony by the police officer and the defendant are in substantial conflict. The police officer testified that he saw quaaludes in defendant's purse while he was giving aid to defendant while she was ill. Defendant testified that she was ordered to stop and give the police officer her purse for no reason. The validity of the alleged search and seizure depends on the weighing of a myriad of factual determinations. The lower court, however, made absolutely no findings of fact. It is impossible for this court to determine the factual basis for the lower court's ruling. Accordingly, we reverse and remand.

Hawaii Rules of Penal Procedure (HRPP) Rule 12(e) states that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." It is without dispute that the trial court failed to make any findings. It is also without question that this court has the responsibility of reviewing decisions of the lower courts. Hawaii Revised Statutes (HRS) § 602-5 (Supp. 1984). Because such findings are imperative for an adequate judicial review of a lower court's conclusions of law, we hold that cases will be remanded when the factual basis of the lower court's ruling cannot be determined from the record. In *United States v. Castrillon,* 716 F.2d 1279, 1282-83 (9th Cir. 1983), the same course of action was followed by the federal court. In dealing with Federal Rules of Criminal Procedure (Fed. R. Crim. P.) Rule 12(e), which was the basis for the Hawaii rule, the Ninth Circuit remanded a case because the trial court granted a motion to suppress without adequate findings of fact. *Id.* Like the federal court, "[w]e need a more detailed record of factual findings in order to conduct our inquiry." *Id.* at 1283.

Since the lower court's grant of the motion to suppress evidence was made without any factual findings, we need not reach the other issues before this court. Reversed and remanded for further proceedings not inconsistent with this opinion.

*Alexa D. M. Fujise (Arthur E. Ross* on the opening brief), Deputy Prosecuting Attorneys for plaintiff-appellant.

*Edward K. Harada (Richard Pollack* with him on the brief), Deputy Public Defenders for defendant-appellee.