**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000300
28-MAR-2022
10:07 AM
Dkt. 58 SO

NO. CAAP-20-0000300

IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
LEVI K. AKI, JR., Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2PC141000490)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant, Levi K. Aki Jr. (**Aki**) appeals from the Amended Judgment; Conviction and Probation Sentence; Terms and Conditions of Probation; Notice of Entry filed on February 26, 2020; and Order Setting Restitution filed on February 25, 2020, by the Circuit Court of the Second Circuit (**Circuit Court**).[1] In accordance with a plea agreement with Plaintiff-Appellee State of Hawaiʻi (**State**), Aki pled no contest to Terroristic Threatening in the First Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-716.[2] As part of his

---

[1] The Honorable Peter T. Cahill presided.

[2] Aki pled no contest to Count 4, which read as follows:

That on or about the 13th day of February, 2014, in the County of Maui, State of Hawaii, KAULANA K. ALO KAONOHI and/or LEVI K. AKI JR., as principals and/or accomplices, with the intent to terrorize, or in reckless disregard of

(continued...)

probation sentence, Aki was ordered to pay $60,425.53 in restitution, jointly and severally with co-defendant Kaulana Alo Kaonohi (**Alo Kaonohi**).

On appeal, Aki contends that the Circuit Court erred in (1) ordering restitution where there was "no evidence to show that [Aki's] offense conduct [sic] was the cause of or aggravated" the victim Christopher Kunzelman's (**Kunzelman**) losses; and (2) "assuming *arguendo* that there was a connection shown between [Aki's] offense conduct [sic] and the victim's losses, the Circuit Court erred in ordering restitution for the iPhone, gold chain, tools/household items, medical costs, temporary housing, and loss of house use [sic]."

Upon review of the record on appeal and relevant legal authorities, giving due consideration to the issues raised and arguments advanced by the parties, we vacate and remand for findings.

"Review of the trial court's decision to impose restitution is for an abuse of discretion." State v. DeMello, 130 Hawaiʻi 332, 340, 310 P.3d 1033, 1041 (App. 2013), vacated in part on other grounds, 136 Hawaiʻi 193, 361 P.3d 420 (2015). Under HRS § 706-646(2) (2014 & Supp. 2016), a court "shall order [a] defendant to make restitution for reasonable and verified losses suffered by [a] victim or victims as a result of the defendant's offense when requested by the victim." "To determine whether a sufficient nexus exists for the application of HRS § 706-646, a court must determine whether the evidence supports a finding that the defendant's conduct was the cause of or

---

[2](...continued)
the risk of terrorizing Christopher Kunzelman, did threaten, by word or conduct, to cause bodily injury to Christopher Kunzelman, with the use of a dangerous instrument or a simulated firearm, or serious damage or harm to property of another, or to commit a felony, thereby committing the offense of Terroristic Threatening in the First Degree in violation of Section 707-716(1)(e) of the Hawaii Revised Statutes.

In exchange for Aki's plea, the State dismissed all other charges, which included: Burglary in the First Degree; Assault in the First Degree; Assault in the Third Degree; one additional count of Terroristic Threatening in the First Degree; Theft in the Second Degree; and Criminal Property Damage in the First Degree.

aggravated the victim's loss." State v. Phillips, 138 Hawaiʻi 321, 352, 382 P.3d 133, 164 (2016) (citation omitted).

Aki argues, *inter alia*, that the State failed to elicit evidence proving that the requested restitution was "as a result of the defendant's offense" under HRS § 706-646(2). Aki asserts that there was no admission of guilt to the terroristic threatening offense, and there was no connection shown between Kunzelman's losses and Aki's offense. Aki claims that the Circuit Court "did not take judicial notice of the records and files . . . nor did it judicially notice or indicate . . . that it was relying upon the PSI [(Pre-sentence Investigation Report)] that was filed in this case." Assuming *arguendo* there was a connection shown between Aki's offense and Kunzelman's losses, Aki further argues that Aki's "offense would only be related to the damage to the Land Rover," but the evidence also showed that "the bulk of the damage to the Land Rover was caused by an unnamed 'defendant number three . . . .'"

Our appellate review in this case is compromised by the ambiguity of what constituted the record considered by the Circuit Court in determining restitution, and by the lack of factual findings showing the factual basis of the court's ruling. The Hawaiʻi Supreme Court has repeatedly stated that:

> cases will be remanded when the factual basis of the lower court's ruling cannot be determined from the record." State v. Visintin, 143 Hawaiʻi 143, 157, 426 P.3d 367, 381 (2018) (internal quotation marks omitted). This rule has been applied whenever the trial court fails to make findings of fact that are necessary for the court's ruling. State v. Hutch, 75 Haw. 307, 331, 861 P.2d 11, 23 (1993) ("Because findings of fact are imperative for an adequate judicial review of a lower court's conclusions of law, we have held that cases will be remanded when the factual basis of the lower court's ruling cannot be determined from the record." (alterations and internal quotation marks omitted) (quoting State v. Anderson, 67 Haw. 513, 514, 693 P.2d 1029, 1030 (1985))); Anderson, 67 Haw. at 514, 693 P.2d at 1030 (remanding after determining that the lower court granted the motion to suppress without having made any findings of fact). Accordingly, when a trial court has failed to issue findings of fact and the appellate court is unable to discern the factual basis of the lower court's ruling, we have held that the case should be remanded to permit the lower court or agency to make the requisite findings. Visintin, 143 Hawaiʻi at 157, 426 P.3d at 381; see also Gordon v. Gordon, 135 Hawaiʻi 340, 351, 350 P.3d 1008, 1019

(2015) (remanding to the trial court when the record was so deficient as to prohibit "meaningful appellate review").

Matter of Elaine Emma Short Revocable Living Tr. Agreement Dated July 17, 1984, 147 Hawaiʻi 456, 466, 465 P.3d 903, 913 (2020).

Here, following a contested evidentiary restitution hearing on January 23, 2020, the Circuit Court entered an Order Setting Restitution that stated:

ORDER SETTING RESTITUTION

A restitution hearing was held on January 23, 2020, with Deputy Prosecuting Attorney MICHAEL S. KAGAMI, Defendant LEVI K. AKI, JR., and his counsel WENDY HUDSON, ESQ. being present.

The Court, having considered the record and the arguments of counsel, and therefore, being fully advised of the premises; IT IS HEREBY ORDERED that restitution in the above-entitled matter is set as follows:

| | |
|---|---|
| Iphone | $ 846.88 |
| Gold chain | $ 5,680.00 |
| Land Rover | $ 7,947.98 |
| Tools/Household items | $25,088.76 |
| Medical costs | $10,861.91 |
| Temporary housing | $ 5,000.00 |
| Loss of house use | $ 5,000.00 |
| Total | $60,425.53 |

Restitution is joint and severally with Defendant Kaulana Alo Kaonohi in 2PC141000489(2).

The above constitutes the entirety of the order, which did not contain any findings. While the Circuit Court's oral ruling appears to contain some factual findings and a credibility finding,[3] it is still unclear what evidence the Circuit Court

---

[3] The Circuit Court gave a lengthy oral ruling addressing the various items and losses Kunzelman was seeking restitution for. Relevant portions of the ruling are as follows:

THE COURT: No, I understand that, but they don't need to do that because we have testimony and it's my job to determine whether the testimony is, number one, credible, and whether it's sufficient to establish the burden of proof, which is by a preponderance of the evidence today.

(continued...)

[3](...continued)

. . . .

. . . . What I'm considering is what Mr. Kunzelman said happened, and the bottom line is that I find his testimony in that regard to be credible.

I will award him all of the medical expenses. . . .

. . . .

. . . I think it has to be based upon the evidence, but it's been submitted, so all the medical bills are awarded.

That amount will be restitution to Mr. Kunzelman and then it's up to USAA to seek recovery, but they are subrogated so everything they paid for, he's got to pay it back to them. . . .

. . . .

But going up on the other list of items, starting off with the iPhone -- it's missing, and I think it needs to be reimbursed, 846.88. . . .

I also find that Mr. Kunzelman has not recovered the items of personal property. There's no total here, but I do find his testimony to be credible that he has not recovered them; that more likely so than not, they are not recoverable and they're not around. So that will be awarded in full. I don't know what the amount is.

[PROSECUTOR], you're going to need to total that at some point.

. . . And I believe the State has sustained that burden by the testimony of -- the credible testimony that I heard from Mr. Kunzelman that he lost these items and he doesn't have them.

. . . .

. . . This housing -- it's $5,000 because the last -- the one -- he said there was one night, apparently, they were going to be there anyway. So I find that testimony to be credible and believable.

Real property -- the property tax – Mr. Kunzelman, you can't recover your property taxes. . . .

The self storage, I'm not going to permit that. . . .

The loss of use of the home, I don't -- I think a person can establish the value of their own property. . . . However, I cannot find that the 67 months, which was from the beginning of the incident through the time that the PSI was prepared, is a reasonable sum. So I am only going to award $5,000 in that particular case because I do think that within five months -- and the investigation at that point, the burden shifted to Mr. Kunzelman to do something. I'm

(continued...)

5

relied on in determining that a causal connection existed between Aki's offense and Kunzelman's losses.

The State did not introduce any evidence at the restitution hearing about Aki's offense or conduct, and Alo Kaonohi's offense or conduct; and only introduced Exhibit No. 1 which listed numerous items of loss claimed by Kunzelman and their values. It is not clear whether the PSI report was part of the record of the restitution hearing, or whether the Circuit Court considered any part of the PSI Report in determining restitution. It is also not clear whether and to what extent the Circuit Court considered any statements or evidence presented to it, at the prior sentencing hearing on September 19, 2019, in determining restitution.

While a court is not precluded from considering evidence within the record prior to a restitution hearing, it is unclear what the Circuit Court may have relied upon in this case. Cf. Phillips, 138 Hawai'i at 352-53, 382 P.3d at 164-65 (holding that evidence at trial and sentencing plainly demonstrated a sufficient nexus between the defendant's attack, victim's later death, and restitution for funeral expenses, where defendant was convicted of second-degree attempted murder); State v. Domingo,

---

[3](...continued)
> not in any way, shape or form suggesting that his fear didn't continue and doesn't continue to this day. It's just in terms of equating that to a number, I can't award that.
>
> The loss of the vehicle, I believe the damages were caused directly from the conduct of the defendants. The amount paid was $7,947. That 7,447.98, plus a deductible of $500, for a total of $7,947.98.
>
> . . . Now, I think I took care of most of it with the exception of the gold chain. Okay. I have competing values here. I think Mr. Kunzelman submitted an estimate based upon the information that he had. I don't find he in any way, shape, or form influenced Molina Jewelers, the folks in Arizona, to come up with some kind of a false estimate.
>
> However, I must contrast that with the testimony of Mr. Dan, which I do find to be credible and reasonable. He's very experienced in the area also. He didn't put this at a low level either. I mean, he came up with $5,680 as a replacement for a chain of similar amount, which is the amount I'm going to award in this particular case.

121 Hawai'i 191, 195, 216 P.3d 117, 121 (App. 2009) (holding that based on the factual basis stipulated to at the time of defendant's no contest plea to Accidents Involving Death or Serious Bodily Injury, and the State's acknowledgment at the restitution hearing that the decedent, not defendant, caused the accident that led to decedent's death, there was no sufficient nexus to order restitution where there was no conduct by the defendant that caused or aggravated the victim's injuries or death).  Unlike Phillips, 138 Hawai'i 321, 382 P.3d 133, there was no trial here; and there was no factual basis for Aki's no contest plea to the first-degree terroristic threatening offense he pled to, unlike Domingo, 121 Hawai'i 191, 216 P.3d 117.

The Circuit Court's oral ruling did not articulate what Aki's conduct was, what co-defendant Alo Kaonohi's conduct was, and how the court connected each defendant's offenses with the various losses claimed by Kunzelman, to award the restitution amounts.  Based on the current record, this court is unable to determine whether the Circuit Court abused its discretion in ordering Aki to pay $60,425.53 in restitution.  See Matter of Elaine Emma Short, 147 Hawai'i at 466, 465 P.3d at 913; DeMello, 130 Hawai'i at 340, 310 P.3d at 1041.

For the foregoing reasons, we vacate in part with respect to the restitution condition in the Amended Judgment of Conviction and Probation Sentence filed on February 26, 2020; and vacate the Order Setting Restitution filed on February 25, 2020, both filed by the Circuit Court of the Second Circuit, and remand for factual findings and for further proceedings as may be necessary consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawai'i, March 28, 2022.

| On the briefs: | /s/ Katherine G. Leonard |
| | Presiding Judge |
| Andrew T. Park | |
| for Defendant-Appellant | /s/ Clyde J. Wadsworth |
| | Associate Judge |
| Richard B. Rost | |
| Deputy Prosecuting Attorney | /s/ Karen T. Nakasone |
| County of Maui | Associate Judge |
| for Plaintiff-Appellee | |