**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000401
30-MAR-2022
07:47 AM
Dkt. 48 SO**

NOS. CAAP-20-0000401 AND CAAP-20-0000596

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
KAULANA K. ALO-KAONOHI, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2PC141000489(2))

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Hiraoka and Wadsworth, JJ.)

In these consolidated appeals, Defendant-Appellant
Kaulana K. Alo-Kaonohi (**Alo-Kaonohi**) appeals from the May 5, 2020
"Order Setting Restitution" and the October 5, 2020 "Amended
Judgment; Conviction and Probation Sentence; Terms and Conditions
of Probation; Notice of Entry," entered in the Circuit Court of
the Second Circuit.[1]  In accordance with a plea agreement with
Plaintiff-Appellee State of Hawaiʻi (**State**), Alo-Kaonohi pled no
contest to Assault in the First Degree (**Assault One**), in
violation of Hawaii Revised Statutes (**HRS**) § 707-710 (2014).[2]  As

---

[1]  The Honorable Peter T. Cahill presided.  On October 8, 2020, this
court entered an "Order Consolidating CAAP-20-0000401 and CAAP-20-0000596
Under CAAP-20-0000401."

[2]  Alo-Kaonohi pled no contest to Count Two of the indictment, which
stated:

> That on or about the 13th day of February, 2014, in
> the County of Maui, State of Hawaii, KAULANA K. ALO KAONOHI
> and/or LEVI K. AKI JR., as principals and/or accomplices,
> did intentionally or knowingly cause serious bodily injury
> to Christopher Kunzelman [(**Kunzelman**)], thereby committing
> the offense of Assault in the First Degree in violation of
> Section 707-710(1) of the Hawaii Revised Statutes.

(continued...)

part of his probation sentence, Alo-Kaonohi was ordered to pay $60,425.53 in restitution, jointly and severally with co-defendant Levi K. Aki Jr. (**Aki**).

On appeal, Alo-Kaonohi contends that the Circuit Court erred "in ordering restitution jointly and severally in amounts and for items that were not attributed solely to those acts that [Alo-Kaonohi] was convicted of[,] that being the assault of the [complaining witness, Kunzelman]."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Alo-Kaonohi's contentions as follows, and vacate and remand.

"Review of the trial court's decision to impose restitution is for an abuse of discretion." State v. DeMello, 130 Hawaiʻi 332, 340, 310 P.3d 1033, 1041 (App. 2013) (citing State v. Mundon, 121 Hawaiʻi 339, 349, 219 P.3d 1126, 1136 (2009)).  Under HRS § 706-646(2) (2014), the trial court "shall order the defendant to make restitution for reasonable and verified losses suffered by the victim or victims as a result of the defendant's offense when requested by the victim."  "To determine whether a sufficient nexus exists for the application of HRS § 706-646, a court must determine whether the evidence supports a finding that the defendant's conduct was the cause of or aggravated the victim's loss." State v. Phillips, 138 Hawaiʻi 321, 352, 382 P.3d 133, 164 (2016) (citing State v. Domingo, 121 Hawaiʻi 191, 195, 216 P.3d 117, 121 (App. 2009)).

Here, on May 5, 2020, the Circuit Court entered the following Order Setting Restitution, which stated in relevant part:

> A restitution hearing was held on January 23, 2020
> . . . .

---

2/  (...continued)

In exchange for Alo-Kaonohi's plea, the State dismissed all other charges, which included:  Burglary in the First Degree; Assault in the Third Degree; two counts of Terroristic Threatening in the First Degree; Theft in the Second Degree; and Criminal Property Damage in the First Degree.  Alo-Kaonohi signed a written "Form K; No Contest Plea," stating, among other things:  "I understand that the court may impose any of the following penalties for offense(s) to which I now plead: . . . restitution[.]"

The Court, having considered the record and the arguments of counsel, and therefore, being fully advised of the premises; IT IS HEREBY ORDERED that restitution in the above-entitled matter is set as follows:

| | |
|---|---|
| Iphone | $ 846.88 |
| Gold chain | $ 5,680.00 |
| Land Rover | $ 7,947.98 |
| Tools/Household items | $25,088.76 |
| Medical costs | $10,861.91 |
| Temporary housing | $ 5,000.00 |
| Loss of house use | $ 5,000.00 |
| Total | $60,425.53 |

Restitution is joint and several with Defendant Levi K. Aki in 2PC141000490(2).

The order did not contain any findings.

Alo-Kaonohi contends that "[i]mposing restitution amounts that were not related to the assault of [Kunzleman] is not contemplated by HRS § 706-646." Alo-Kaonohi further argues:

> The State failed to prove by a preponderance of the evidence a nexus between the items and costs sought for restitution and the costs and damages that were actually incurred from the injury Kunzelman complained of. All the other items ordered for restitution other than the medical expenses were over and above those medical expenses and should not have been imposed on [Alo-Kaonohi].[3]

(Footnote added.)

We recently addressed a similar argument in State v. Aki, No. CAAP-20-0000300, 2022 WL _____ (Haw. App. March 28, 2022), which arose from the same February 13, 2014 incident in which Kunzelman was injured. There, Aki pled no contest to Terroristic Threatening in the First Degree, in violation of HRS § 707-716, for his role in the incident. Id. at *__. Aki and Alo-Kaonohi both attended the same January 23, 2020 restitution hearing and, based on the same evidence, Aki was ordered to pay restitution in the same amount as, and jointly and severally with, Alo-Kaonohi. Id. Aki appealed in part from an order setting restitution that substantially mirrors the Order Setting

---

[3] It appears that Alo-Kaonohi does not dispute the award of restitution against him for medical expenses to the extent such expenses are attributable to his actions in assaulting Kunzelman.

Restitution in this case.  <u>Id.</u>  And on appeal, Aki similarly argued that the State failed to elicit evidence showing that Aki's offense caused or aggravated Kunzelman's losses.  <u>Id.</u> We analyzed that issue and ruled as follows:

> Our appellate review in this case is compromised by the ambiguity of what constituted the record considered by the Circuit Court in determining restitution, and by the lack of factual findings showing the factual basis of the court's ruling.  The Hawaiʻi Supreme Court has repeatedly stated that:

>> cases will be remanded when the factual basis of the lower court's ruling cannot be determined from the record."  <u>State v. Visintin</u>, 143 Hawaiʻi 143, 157, 426 P.3d 367, 381 (2018) (internal quotation marks omitted).  This rule has been applied whenever the trial court fails to make findings of fact that are necessary for the court's ruling.  <u>State v. Hutch</u>, 75 Haw. 307, 331, 861 P.2d 11, 23 (1993) ("Because findings of fact are imperative for an adequate judicial review of a lower court's conclusions of law, we have held that cases will be remanded when the factual basis of the lower court's ruling cannot be determined from the record." (alterations and internal quotation marks omitted) (quoting <u>State v. Anderson</u>, 67 Haw. 513, 514, 693 P.2d 1029, 1030 (1985))); <u>Anderson</u>, 67 Haw. at 514, 693 P.2d at 1030 (remanding after determining that the lower court granted the motion to suppress without having made any findings of fact).  Accordingly, when a trial court has failed to issue findings of fact and the appellate court is unable to discern the factual basis of the lower court's ruling, we have held that the case should be remanded to permit the lower court or agency to make the requisite findings.  <u>Visintin</u>, 143 Hawaiʻi at 157, 426 P.3d at 381; <u>see also</u> <u>Gordon v. Gordon</u>, 135 Hawaiʻi 340, 351, 350 P.3d 1008, 1019 (2015) (remanding to the trial court when the record was so deficient as to prohibit "meaningful appellate review").

> <u>[In re] Elaine Emma Short Revocable Living Tr. Agreement Dated July 17, 1984</u>, 147 Hawaiʻi 456, 466, 465 P.3d 903, 913 (2020).

> . . . .

> [The Order Setting Restitution] did not contain any findings.  While the Circuit Court's oral ruling appears to contain some factual findings and a credibility finding, it is still unclear what evidence the Circuit Court relied on in determining that a causal connection existed between Aki's offense and Kunzelman's losses.

> The State did not introduce any evidence at the restitution hearing about Aki's offense or conduct, and Alo Kaonohi's offense or conduct; and only introduced Exhibit No. 1 which listed numerous items of loss claimed by Kunzelman and their values.  It is not clear whether the [Pre-sentence Investigation (**PSI**)] [R]eport was part of the record of the restitution hearing, or whether the Circuit Court considered any part of the PSI Report in determining restitution.  It is also not clear whether and to what

extent the Circuit Court considered any statements or evidence presented to it, at the prior sentencing hearing . . . in determining restitution.

While a court is not precluded from considering evidence within the record prior to a restitution hearing, it is unclear what the Circuit Court may have relied upon in this case. Cf. Phillips, 138 Hawaiʻi at 352-53, 382 P.3d at 164-65 (holding that evidence at trial and sentencing plainly demonstrated a sufficient nexus between the defendant's attack, victim's later death, and restitution for funeral expenses, where defendant was convicted of second-degree attempted murder); State v. Domingo, 121 Hawaiʻi 191, 195, 216 P.3d 117, 121 (App. 2009) (holding that based on the factual basis stipulated to at the time of defendant's no contest plea to Accidents Involving Death or Serious Bodily Injury, and the State's acknowledgment at the restitution hearing that the decedent, not defendant, caused the accident that led to decedent's death, there was no sufficient nexus to order restitution where there was no conduct by the defendant that caused or aggravated the victim's injuries or death). Unlike Phillips, 138 Hawaiʻi 321, 382 P.3d 133, there was no trial here; and there was no factual basis for Aki's no contest plea to the first-degree terroristic threatening offense he pled to, unlike Domingo, 121 Hawaiʻi 191, 216 P.3d 117.

The Circuit Court's oral ruling did not articulate what Aki's conduct was, what co-defendant Alo Kaonohi's conduct was, and how the court connected each defendant's offenses with the various losses claimed by Kunzelman, to award the restitution amounts. Based on the current record, this court is unable to determine whether the Circuit Court abused its discretion in ordering Aki to pay $60,425.53 in restitution. See [In re] Elaine Emma Short, 147 Hawaiʻi at 466, 465 P.3d at 913; DeMello, 130 Hawaiʻi at 340, 310 P.3d at 1041.

For the foregoing reasons, we vacate in part with respect to the restitution condition in the Amended Judgment of Conviction and Probation Sentence . . . ; and vacate the Order Setting Restitution . . . , and remand for factual findings and for further proceedings as may be necessary[,] consistent with this Summary Disposition Order.

Id. at *__ (footnote omitted).

The same reasoning applies here. There was no trial in this case, and there is nothing in the record establishing the factual basis for Alo-Kaonohi's no contest plea to the Assault One charge. Based on the Order Setting Restitution and the transcript of the restitution hearing, it is unclear what evidence the Circuit Court relied on in determining that a causal connection existed between Alo-Kaonohi's offense and Kunzelman's losses. And neither the Order Setting Restitution nor the Circuit Court's oral ruling articulated what Alo Kaonohi's conduct was and how the court connected each defendant's offense with the various losses claimed by Kunzelman. Based on the

current record, this court is unable to determine whether the Circuit Court abused its discretion in ordering Alo Kaonohi to pay $60,425.53 in restitution.  See In re Elaine Emma Short, 147 Hawaiʻi at 466, 465 P.3d at 913.

For these reasons, we vacate in part with respect to the restitution condition in the October 5, 2020 "Amended Judgment; Conviction and Probation Sentence; Terms and Conditions of Probation; Notice of Entry," and vacate the May 5, 2020 Order Setting Restitution, both entered in the Circuit Court of the Second Circuit, and remand for factual findings and for further proceedings as may be necessary, consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, March 30, 2022.


On the briefs:

Richard D. Gronna
for Defendant-Appellant.

Richard B. Rost,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge