**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000657
23-MAY-2022
07:46 AM
Dkt. 86 SO**

NO. CAAP-19-0000657

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RIAN TIMOTHY SHANNON, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
EWA DIVISION
(CASE NO. 1DTA-16-01638)

### SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Rian Timothy **Shannon** appeals from the Second Amended Notice of Entry of Judgment and/or Order and Plea/Judgment (**Second Amended Judgment**) entered by the District Court of the First Circuit, 'Ewa Division on August 27, 2019.[1] For the reasons explained below, we vacate the Second Amended Judgment and remand for further proceedings.

After a district court bench trial, Shannon was found guilty of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1). He appealed, asserting (among other things) that the district court erred by denying his motion to dismiss under **Rule 48** of the Hawai'i Rules of Penal Procedure (**HRPP**). We vacated and remanded for entry of findings of fact and

---

[1] The Honorable James C. McWhinnie presided.

conclusions of law.  State v. Shannon, Nos. CAAP-18-0000005, CAAP-18-0000870 (consolidated), 2019 WL 1552055 (Haw. App. Apr. 10, 2019) (**Shannon I**).

On remand, the district court entered its "Findings of Fact, Conclusions of Law and Order Denying Defendant's November 29, 2016, Motion to Dismiss for Rule 48 Violation" and the Second Amended Judgment on August 27, 2019.  This appeal followed.

Rule 48(b)(1) allows a defendant to move to dismiss the charges against them if trial is not commenced within six months — construed as 180 days, State v. Hutch, 75 Haw. 307, 330, 861 P.2d 11, 23 (1993) — from the date of arrest if bail is set.  Id. at 313, 861 P.2d at 22.  Rule 48(c) mandates that the court exclude certain time periods from its computation in determining whether the one hundred eighty days have run.  Id. at 330-331, 861 P.2d at 23.  A trial court's findings of fact in deciding a Rule 48 motion to dismiss are subject to the clearly erroneous standard of review.  Id. at 328, 861 P.2d at 22.  However, whether those facts fall within one of Rule 48(c)'s exclusionary provisions is a question of law, which is freely reviewable under the right/wrong test.  Id. at 329, 861 P.2d at 22.

The State's answering brief concedes that it "cannot in good faith contest [Shannon]'s assertion that '[t]he motion[] to dismiss for violation of HRPP Rule 48 [was] clearly decided erroneously and the case must be remanded for a dismissal[.]'" However, "[i]n 'confession of error' cases where the prosecution 'admits' to error, . . . before a conviction is reversed, it is incumbent on the appellate court first to ascertain that the confession of error is supported by the record and well-founded in law and second to determine that such error is properly preserved and prejudicial."  State v. Hoang, 93 Hawaiʻi 333, 336, 3 P.3d 499, 502 (2000) (cleaned up).  The record indicates that the State's concession was well-founded, and the district court erred in denying Shannon's Rule 48 motion to dismiss.

Shannon was arrested and posted bail on April 9, 2016. He was arraigned on May 10, 2016, and trial was set for June 14, 2016. The time from Shannon's arrest to his original trial date was **65** days, not including the one-day arraignment continuance he requested. HRPP Rule 48(c)(3).

Shannon requested a trial continuance from June 14, 2016 to July 12, 2016; this 28-day period is not included in the Rule 48 180-day limit. HRPP Rule 48(c)(3).

Shannon's case was called for trial on July 12, 2016. Shannon challenges the district court's finding of fact nos. 9 and 19:

> 9.    July 12, 2016, the State was ready to proceed to trial and the hearing on the State's Motion for Protective Order was continued ***to allow the Defendant to file a memorandum in opposition*** to said Motion. Because Defendant's counsel stated he was not available on either July 19, August 2 or August 9, but he would be available on August 16, 2016, the hearing was continued to August 16, 2016, ***at Defendant's counsel's request***.
>
> . . . .
>
> 19.   Therefore, the court finds that Defendant requested continuances . . . on July 12, 2016, of ***twenty-eight (28) days***[.]

(emphasis added). It is not clear from the record how the district court calculated the 28-day period; 28 days from July 12, 2016, is August 9, 2016, and the record does not reflect anything happening on August 9, 2016. The period at issue — July 12, 2016 to August 16, 2016, is actually 35 days.

The State's motion for protective order had been filed on May 27, 2016. The first page of the motion lists a hearing date of June 7, 2016. But the district court docket contains no record of the case being called for a hearing on June 7, 2016, or of a June 7, 2016 hearing on a motion for protective order being continued. The transcript of proceedings on July 12, 2016, indicates confusion over the status of the State's motion:

> THE COURT: Did you file your memo in op?
>
> Usually --

[DEFENSE COUNSEL]: Usually I do. And the reason I didn't -- let me see.

Did I?

Hold on.

Ah. Okay.

So is the government's protective order on today's calendar?

THE COURT: It looks like (indiscernible).

[DEFENSE COUNSEL]: But if it doesn't have a --

THE COURT: Well, on June 14 [sic] it was set for hearing, but then it was continued to today (indiscernible).

[DEFENSE COUNSEL]: If the government's motion did not contain a notice of hearing, why is it set at all?

THE COURT: It was set originally June 14 [sic].

[DEFENSE COUNSEL]: With a notice of hearing?

THE COURT: Well, this -- this has a notice of hearing. I'm not sure --

[DEFENSE COUNSEL]: What has a notice of hearing?

THE COURT: Actually, it just has a notification of the hearing date. It doesn't have a separate document.

[DEFENSE COUNSEL]: Does it have a notification?

THE COURT: I'm not sure.

[DEFENSE COUNSEL]: Is that --

THE COURT: This is what (indiscernible) from [the deputy prosecuting attorney who signed the motion for protective order].

Was there a notice of hearing filed --

[DEFENSE COUNSEL]: Oh, finally.

THE COURT: -- alongside (inaudible)?

***It was filled in; but I'm not sure where they got that date from.***

[DEFENSE COUNSEL]: My guess is they picked it. That is, a prosecutor picked it. There is no -- there is no notice of hearing.

It also doesn't comply with a variety of rules. I can go through those.

But that's the first thing we need to hear, is -- well, the first thing we need to hear is my motion to seek discovery without the protective order. ***Theirs actually shouldn't be heard because there is no notice of hearing.*** It

4

doesn't comply with Rule 47, which is -- they need to provide a basis. If you look at the simple two-page declaration, there is no basis. What they do is they say, We want a protective order because there's a rule that allows us to get one. That -- I mean, that's what it is.

THE COURT: (Indiscernible).

[DEFENSE COUNSEL]: Well, there aren't any, okay. What we have is Mr. Shannon's date of birth. We have Mr. Shannon's Social Security number. He's well aware of both of those. And they provide no argument, all right. Rule 16 says that the government needs to provide a -- a good cause for the protective order, Rule 16 says. So if they want a protective order for investigative items and such, then they can do so. They can say, We have an undercover officer and -- because the officer's safety -- you know, that's fine. They don't have that. We have a DUI case here. And the categories that the declaration provides says Social Security numbers, dates of birth, et cetera, all of which are my client's. So I'm not really sure where the argument is.

But it also suffers from procedural defects. ***There is no notice of hearing, which is why it should never have been calendared***. It violated, originally, Rule 8 because it didn't provide 14 days' notice. All motions are to be had at least 14 days out. My motion for a protective order [sic] did comply with that, and it does have a notice of hearing.

There's also no certification on there, that has to be complied with by every counsel.

So ***I would object to the Court's hearing of the government's motion for the protective order at all***.

THE COURT: Any response?

[DEPUTY PROSECUTING ATTORNEY]: Your Honor, with -- with reference to the protective order, I mean --

THE COURT: (Indiscernible)?

[DEPUTY PROSECUTING ATTORNEY]: Yes. Yeah. This is -- it -- it's basically just enumerating the basic rule of (indiscernible) --

THE COURT: Well, let's deal with -- first, his argument (indiscernible). Procedurally, by the rules --

[DEPUTY PROSECUTING ATTORNEY]: Okay.

THE COURT: -- (indiscernible), before we get to the merits.

[DEPUTY PROSECUTING ATTORNEY]: Yeah. With reference to the procedural defects, I haven't quite reviewed the -- the time of the filing.

THE COURT: And -- because Mr. O'Grady usually files his memo (inaudible).

[DEPUTY PROSECUTING ATTORNEY]: Yes.

> THE COURT: (Inaudible).
>
> [DEPUTY PROSECUTING ATTORNEY]: Yeah.
>
> [DEFENSE COUNSEL]: Right.
>
> THE COURT: All right. And I -- I'm -- I (indiscernible).
>
> So this is going to be a (indiscernible) -- ***over your objection, I'm going to*** (indiscernible). ***The time is still running for Rule 48***, so --
>
> When does Rule 48 run from (indiscernible)? Some time in (indiscernible)?
>
> [DEPUTY PROSECUTING ATTORNEY]: ***November 4th.***

(emphasis added).  The State's representation that the Rule 48 deadline would run on November 4, 2016, was accurate; April 9, 2016 until November 4, 2016 — excluding the 29 days of continuance requested by Shannon — is 180 days.  The transcript indicates that the district court continued the hearing on the State's motion for protective order, ***over Shannon's objection***, based on the Rule 48 deadline expiring on November 4, 2016.

The hearing continued:

> THE COURT: When are you going to be back (indiscernible)?
>
> (Indiscernible) set it for hearing, file your memo in op, and (inaudible). And your client's presence is waivable (indiscernible) according to (inaudible).
>
> [DEFENSE COUNSEL]: Well, I can tell you when I'm not going to be here. So I won't be here next Tuesday. I'll be away at a DUI conference.
>
> Does the Court matter how close it is?
>
> THE COURT: No.
>
> [DEFENSE COUNSEL]: Okay. Because the 2nd and the 9th of August don't work for me either. So --
>
> THE COURT: (Indiscernible)?
>
> [DEFENSE COUNSEL]: I think I am here on the 16th, as a matter of fact, because we're moving some things to the 16th. So the 16th would be fine.
>
> THE COURT: So we'll move all motions to the 16th. So everybody file their (indiscernible).
>
> Mr. Shannon, again, talk to your attorney (indiscernible) date and time. (Indiscernible) --

Do we have a trial date set yet, or no?

[DEFENSE COUNSEL]: No, because we have no discovery.

THE COURT: We'll deal with that on the 16th.

[DEFENSE COUNSEL]: Yes, Your Honor.

[DEPUTY PROSECUTING ATTORNEY]: Is August 16th the trial?

THE COURT: No.

[DEPUTY PROSECUTING ATTORNEY]: Status?

THE COURT: Hearing on all motions that we have so far.

Thus, the record indicates that the 35-day continuance from July 12, 2016 until August 16, 2016 was imposed by the district court, over Shannon's objection. The district court's findings and conclusions to the contrary were, respectively, clearly erroneous and wrong.

On August 16, 2016, it had been **100** unexcluded days since Shannon's arrest. On that day the district court ruled on the pretrial motions and set Shannon's trial for October 4, 2016. The district court stated, "none of this will toll rule 48." That added **49** days to the Rule 48 period, for a total of **149** includable days to October 4, 2016.

Shannon filed six motions to compel discovery. The district court found, and Shannon does not challenge, that:

> 15. . . . With regard to the remaining Motions to Compel, [Shannon]'s counsel stated he wanted additional time (1) to file and serve a subpoena *duces tecum* on the Honolulu Police Commission for the records of Honolulu Police Department (HPD) Officer Christopher Paul and (2) to file and serve a subpoena *duces tecum* on HPD Officer Barry Tong. ***The return date on the subpoenas duces tecum was set for November 15, 2016***.

(bold italics added). "HRPP Rule 48(d)(2) <u>includes</u> in the computation 'the period of time, from the filing through the prompt disposition of . . . requests/ motions for discovery[.]'" <u>Shannon I</u>, 2019 WL 1552055, at *2 n.6. That added **42** days to the Rule 48 period, for a total of **191** includable days between Shannon's arrest and the November 15, 2016 return on the subpoenas for documents. The district court's finding of fact

no. 20 (which was actually a combined finding of fact and conclusion of law) that "HRPP Rule 48 was not violated" was clearly erroneous.

The district court concluded:

> 11.    Therefore, as a matter of law, the court concludes there was no HRPP Rule 48 violation and Defendant's November 29, 2016, Motion to Dismiss for Rule 48 Violation was properly denied.

This conclusion was wrong because 191 includable days had passed since Shannon was arrested, and there had not been "a meaningful commencement of trial." See State v. Alkire, 148 Hawai'i 73, 79, 468 P.3d 87, 93 (2020). The district court erred in denying Shannon's Rule 48 motion to dismiss.

For the foregoing reasons, the Second Amended Judgment entered by the district court on August 27, 2019, is vacated, and this case is remanded to the district court for dismissal of the charges against Shannon, with or without prejudice in its discretion in accordance with the principles stated in State v. Estencion, 63 Haw. 264, 269, 625 P.2d 1040, 1044 (1981).

DATED: Honolulu, Hawai'i, May 23, 2022.

On the briefs:

Kevin O'Grady,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge